Order reversed, without costs, and the case remitted to Special Term with directions to remand the matter to the State Liquor Authority for further proceedings in accordance with the following memorandum: In treating this as a “ single instance ” case within the meaning of Matter of Stanwood United v. O’Connell (283 App. Div. 79, 82, aifd. 306 N. Y. 749), the Appellate Division erred, inasmuch as any determination adverse to the licensee would have to rest upon a finding that the licensee’s agent, the bartender, was instrumental in creating the disorder alleged (Matter of Club 95 v. New York State Liq. Auth., 23 N Y 2d 784). Upon the new hearing which our reversal mandates, the police officer’s memorandum book should be made available (Matter of Garabedian v. New York State Liq. Auth., 33 A D 2d 980, mot. for Iv. to app. den. 26 N Y 2d 614). Inasmuch as petitioner was denied a full hearing, we do not reach the question of whether there was substantial evidence to support the determination of the Authority.