■    In the Matter of DOMINICK CUTI, Petitioner, v MICHAEL ROTH et al., Constituting the State Liquor Authority, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination by respondent which suspended petitioner's special on-premises liquor license for a period of 40 days and imposed a $1,000 forfeiture of his bond. The charges here stem from incidents occurring during three separate visits by two investigators from the Bureau of Criminal Investigation to the bar-lounge, licensed premises of the petitioner. During these visits and through the efforts of Mary, a barmaid, the investigators placed bets on harness races and made arrangements for female company for the night. The

officers, after making these arrangements, arrested the female as well as petitioner's barmaid. These proceedings against the licensee were later commenced. The respondent found that the petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by "suffering or permitting the licensed premises to become disorderly, in that he suffered or permitted females on the licensed premises to solicit male patrons therein for immoral purposes and by permitting gambling on the licensed premises". The licensee contends that he could not have suffered or permitted the violations because he was not present during most of the time that the alleged transgressions were being committed and because he had no knowledge that the alleged activities were taking place. Even if believed, these excuses are insufficient to afford protection to the petitioner. As pointed out in *People ex rel. Price v Sheffield Farms-Slawson-Decker Co.* (225 NY 25, 30–31), the licensee's mere absence from the premises is not a sufficient excuse when he could have discovered the violations by adequate supervision and inquiry (see *Matter of Huber v O'Connell,* 297 NY 577). While the activities complained of centered around the barmaid, she was in full charge during the petitioner's absence and, as the agent of the licensee, she was charged with the same responsibility of supervision and inquiry as the licensee. Thus her violations are attributable to her employer *(Matter of Conservative Grouping Corp. v Epstein,* 10 NY2d 956). In claiming that the alleged violations were single occurrences and thereby did not meet the requirements of "continuity and permanence" called for by the Court of Appeals in *People ex rel. Price (supra),* the petitioner overlooks the fact that when the licensee's agent is instrumental in creating the disorders, precisely the situation here, a single event is sufficient to sustain the charges *(Matter of Inner Circle Rest. v New York State Liq. Auth.,* 30 NY2d 541, 543). The findings are supported by substantial evidence and are sufficient as a matter of law and should be confirmed. Determination confirmed, and petition dismissed, with costs. Herlihy, P. J., Kane, Koreman, Main and Reynolds, JJ., concur.