OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
It is true that the evidentiary fact pattern in this case resembles that in Matter of Martin v State Liq. Auth. (41 NY2d 78). In Martin, however, the penalty had been imposed by the authority on the basis of a finding that by the exercise of due diligence the licensee should have discovered the gambling activities of her barmaid, i.e., on the theory of personal knowledge of the licensee. The Appellate Division held that there was insufficient evidence to support that finding and incidentally concluded that the barmaid was a "nonmanagerial employee”. We found no reason to disturb that disposition and accordingly upheld the Appellate Division. As we wrote, "the pivotal issue in this case is whether there was substantial evidence to find that the licensee, through the exercise of reasonable diligence had an opportunity to learn of the illegal gambling and thus can be said to have impliedly acquiesced in such activity” (41 NY2d, at p 79).
In the present case the penalty was imposed on a different theory—that the licensee may be penalized even for a single instance of tolerance of gambling by an employee who exercises managerial authority, i.e., on the theory that the licensee is responsible for action of his manager. The hearing officer found that the licensee regularly left his brother in charge of the licensed premises during one hour in the morning and four hours in the afternoon when the licensee was not there. *723 That finding was the predicate for imposition of the penalty. The Appellate Division confirmed the authority’s determination, noting that, while the licensee’s brother may not have had an official managerial title, there was substantial evidence to support the conclusion that the brother exercised managerial authority with reference to activities on the licensed premises when the licensee was not present. It is not necessary that the management responsibility delegated to the employee be that for the conduct of the entire enterprise, e.g., including purchase and sale of supplies, physical maintenance of the premises; it suffices if the employee is given responsibility for the operation of the premises and the conduct of the licensed activity thereon on other than a casual or temporary basis. Hence, here, as we did in Martin, we uphold the Appellate Division.
The conclusion that the licensee had vested managerial authority in his brother as bartender is a factual determination. We agree with the Appellate Division that there is substantial evidence in the record for its support and that the failure to confer a managerial title does not negate the conclusion as to this employee’s status. As a proposition of law, there can be no question that, for the purposes of the proscription of subdivision 6 of section 106 of the Alcoholic Beverages Control Law, a licensee normally is chargeable with the conduct of an employee who has been given managerial responsibility.