■  In the Matter of AVON HOLDING CORP., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority, dated September 25, 1978, which, after a hearing, suspended petitioner's license for a period of 30 days, 20 days of which were deferred. Petition granted; determination annulled, on the law, without costs or disbursements, and the charges against petitioner are dismissed. Under the circumstances, there was insufficient evidence to support a finding that the licensee violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by suffering or permitting the premises to become disorderly (see *Matter of Playboy Club of N. Y. v State Liq. Auth.,* 23 NY2d 544). It was established by the evidence that Joseph Vick, the temporary bartender of the licensee's premises, used undue force to restrain an unruly patron who had annoyed other patrons and committed a crude homosexual physical overture on the person of the bartender. The authority's determination was based upon this single act of the bartender. There was no proof of any prior misconduct or indication to the licensee that such an act would be committed. On the contrary, there was testimony by the licensee's sole officer and shareholder, Anne Horton, and by her son-in-law, Marlin Samuels, the licensee's manager, that there had never been any disorder or altercation on the premises when Vick was there and the hearing officer noted Vick's reputation for orderliness as a mitigating factor. Further, the evidence supports the hearing officer's findings that on the evening in question, Mrs. Horton, who served as barmaid, became ill after manager Samuels had gone home for dinner and a rest before resuming work, and that she called upon Vick, who was a "sometime, occasional, part-time employee," to work temporarily as a bartender until Samuels returned. The hearing officer's determination that Vick was the licensee's authorized agent to maintain order during the four hours when he was the licensee's only employee on the premises is therefore unsupported by the evidence since any responsibility given to Vick was on a casual and

temporary basis (cf. *Matter of Falso v State Liq. Auth.*, 43 NY2d 721, 723). Suozzi, J. P., Lazer, Shapiro and Cohalan, JJ., concur.