OPINION OF THE COURT
Memorandum.
Petitioner, Richjen Restaurant Corporation, operated an establishment for the on-premises consumption of liquor in New York City pursuant to licenses granted by the respondent, State Liquor Authority. The business was managed during the relevant time by Richard Jenkins, an officer, director and stockholder of petitioner. On March 2, 1978 the authority initiated a proceeding to revoke petitioner’s license based on two charges: that petitioner had suffered or permitted trafficking of narcotics in the licensed premises on March 19, 1977, and that petitioner had suffered or permitted the premises to become disorderly by maintenance in the premises of a loaded shotgun. Both incidents allegedly constituted *849 violations of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The authority also served petitioner with a notice of contemplated recall based on several specifications which included the two charges involved in the revocation proceeding.
A revocation hearing was held, after which the hearing officer sustained both charges. With regard to the drug trafficking incident, he found that during a time when the licensee was not present in the premises, a patron made three separate sales of cocaine by removing tinfoil packets from a black pouch resting on the bar. It was found that these transactions were "open * * * in full view of the bartender” and that "either the bartender was then in charge of the premises or * * * the premises was then unsupervised.” As to the second charge, the hearing officer found that a loaded shotgun had been kept on the premises and that Richard Jenkins’ father owned the gun and had a permit for it. It was noted by the hearing officer, however, that it is unlawful to possess a loaded shotgun in public within the City of New York. Based on these findings, which were accepted by the authority, the petitioner’s license was suspended for 10 days on the second charge (for the loaded shotgun) and canceled on the first charge (narcotics trafficking).
After the conclusion of the revocation proceeding, the authority immediately commenced the nonrenewal or recall proceeding and, relying on the cited specifications, recalled the petitioner’s license which had been renewed pending completion of the revocation proceeding. The Appellate Division unanimously confirmed both determinations and petitioner now appeals pursuant to leave granted by this court. There should be a modification.
We agree that substantial evidence supported the 10-day suspension based on the shotgun incidént, since the testimony at the hearing indicates that the shotgun had been constantly on the premises for at least one year before the drug arrest, The authority reasonably could conclude that petitioner’s principal, Richard Jenkins, must have known of the illegal presence of the weapon, which when seized was in plain view. However, we hold that there was not substantial evidence to support the finding that petitioner suffered or permitted narcotics trafficking on the premises. There was no evidence that Richard Jenkins knew, or should have known of the specified transactions, nor was there any evidence that the bartender *850 was a manager or corporate principal, the activities of whom could be imputed to the corporate licensee (Matter of Triple S Tavern v New York State Liq. Auth., 31 NY2d 1006; see Matter of Martin v State Liq. Auth., 41 NY2d 78). Furthermore, because it is not clear to what extent respondent relied upon that charge in the nonrenewal application, the confirmance of the determination not to renew petitioner’s license must be reconsidered.
Accordingly, the judgment of the Appellate Division should be modified by limiting the punishment imposed to the 10-day suspension only, and by remitting the matter to Supreme Court, New York County, with directions to remit to the State Liquor Authority for reconsideration, in accordance with this memorandum, of petitioner’s application for renewal, and, as so modified, affirmed, with costs to petitioner.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Judgment modified, with costs to petitioner, and the matter remitted to Supreme Court, New York County, with directions to remand to the State Liquor Authority for further proceedings in accordance with the memorandum herein, and, as so modified, affirmed.