■ In the Matter of JAMES W. DE PALO et al., Doing Business as DE PALO'S DUGOUT, Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review respondent's determination, dated February 26, 1981 and made after a hearing, which found that petitioners had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law and 9 NYCRR 53.1 (n), revoked their license and imposed a bond claim in the amount of $1,000. Petition granted, determination annulled, on the law, without costs or disbursements, and charges dismissed. Respondent's determination that petitioners (the licensees) suffered or permitted their premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law and that they, in violation of 9 NYCRR 53.1 (n), engaged in such improper conduct as to warrant revocation of their license, is not supported by substantial evidence in the record considered as a whole (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Stork Rest. v Boland,* 282 NY 256). There is no doubt that petitioners, who were not present on the premises at the time of the sale of cocaine, did not have actual knowledge of the sale. Nor can it be concluded that they, in the exercise of reasonable diligence, should have known of the sale, for it constituted no more than a single, isolated incident which could not otherwise have been discovered (see *Matter of Missouri Realty Corp. v New York State Liq. Auth.,* 22 NY2d 233). It is settled that the knowledge of an employee regarding a disorderly condition is imputed to the licensee, but only if such employee has been vested with managerial authority or unequivocal supervisory responsibility *(Matter of Richjen Rest. v State Liq. Auth.,* 51 NY2d 847; *Matter of Falso v State Liq. Auth.,* 43 NY2d 721; *Matter of Martin v State Liq. Auth.,* 41 NY2d 78). Though it is beyond dispute that petitioners' bartender had actual knowledge of the sale of cocaine, petitioners cannot be charged with such knowledge, for the record is devoid of the requisite substantial evidence to support respondent's finding that the bartender was a manager. The evidence adduced at the hearing established only that the sale of cocaine had occurred on a Monday evening, a time when petitioners were not present at the licensed premises. Without more, however, merely being "in charge" of the premises, in an isolated instance, during the licensees' absence, does not connote managerial authority (see *Matter of Triple S. Tavern v New York State Liq. Auth.,* 40 AD2d 522, affd 31 NY2d 1006). The record is barren of any additional evidence which would sustain a conclusion that the bartender fulfilled the function of a manager, or otherwise exercised supervisory responsibility. Accordingly, the determination must be annulled. Mollen, P.J., Hopkins, Damiani and Lazer, JJ., concur.