■ In the Matter of 1650 HEMPSTEAD TURNPIKE RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Liquor Authority, dated June 22, 1984, which, *inter alia,* revoked petitioner's on-premises liquor license, after a hearing.

Determination confirmed and proceeding dismissed on the merits, with costs.

The record contains substantial evidence to support the finding that petitioner had suffered or permitted the trafficking of cocaine at the licensed premises, thus warranting the revocation of the on-premises liquor license. Inasmuch as the penalty is hardly disproportionate to the offense, judicial review is exhausted (*Matter of Pell v Board of Educ.,* 34 NY2d 222).

Nor is there any merit in the contention that *Matter of Chaipis v State Liq. Auth.* (44 NY2d 57) mandates an annulment of the determination because respondent did not give express consideration to the alleged cooperation of petitioner's president with law enforcement officials. In *Chaipis* (p 66) the promise was made by the prosecutor to induce a guilty plea and "Chaipis was misled by the prosecutor's promise into believing his liquor license would be preserved".

The alleged promise here was made by a Federal narcotics agent, not a prosecutor, and there is no claim that the plea itself was thereby induced. All petitioner claims is that its president "cooperated with the police authorities, yet, his actions were not reflected by the Authority when it meted out its penalty". *Chaipis* does not mandate annulment in such circumstances. Titone, J. P., Gibbons, Bracken and Niehoff, JJ., concur.