■ In the Matter of JVC TAVERN CORP., Doing Business as THE BACK DOOR, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated September 28; 1984, which, after a hearing, found the petitioner guilty of violating Alcoholic Beverage Control Law § 106 (6) in that it "suffer[ed] or permit[ted] * * * the licensed premises * * * to become disorderly", and imposed a penalty of revocation of the petitioner's on-premises liquor license, with a $1,000 bond claim, and 24-month proscription against the licensed premises.

Adjudged that the petition is granted, the determination is annulled, on the law, with costs, and the charges are dismissed.

The respondent's determination that petitioner (the licensees) suffered or permitted its premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6) is not supported by substantial evidence in the record considered as a whole *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). The events upon which the charges against the petitioner were predicated were three sales of cocaine to an undercover police officer by a bartender working at the licensed premises. Although the bartender (a youth of approximately 20 years of age) was the son of one of the licensees, the record is devoid of evidence that the licensees knew or should have known of the sales *(see, Matter of Richjen Rest. v State Liq. Auth.,* 51 NY2d 847; *Matter of Martin v State Liq. Auth.,* 41 NY2d 78; *Matter of De Palo v New York State Liq. Auth.,* 82 AD2d 831, *affd* 54 NY2d 950; *Matter of Triple S. Tavern v New York State Liq. Auth.,* 40 AD2d 522, *affd* 31 NY2d 1006). The record is similarly devoid of evidence that the bartender was vested with managerial authority or unequivocal supervisory responsibility so as to impute his knowledge of the disorderly conduct to the licensees *(see, Matter of Richjen Rest. v State Liq. Auth., supra; Matter of Falso v State Liq. Auth.,* 43 NY2d 721; *Matter of Martin v State Liq. Auth.,*

*supra; Matter of De Palo v New York State Liq. Auth., supra; Matter of Triple S. Tavern v New York State Liq. Auth., supra).*

Accordingly, the determination must be annulled, and the charges dismissed. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.

In the Matter of PIEDAD LOPEZ, Appellant, v CITY OF NEW YORK et al., Respondents.—In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated May 15, 1985, as denied her motion for leave to renew a prior motion to serve a late notice of claim.

Ordered that the order is affirmed, without costs or disbursements.

It is well established that an application to serve a late notice of claim must be made, with certain exceptions not applicable here, within one year and 90 days after the date of the occurrence *(see, Silbernagel v City of New York,* 57 NY2d 691). Under this standard, the petitioner's application, which was brought in February 1985, is untimely and is not deemed to relate back to the prior motion *(see, Thomas v City of New York,* 102 AD2d 867). Moreover, based on the facts of this case, we conclude that the doctrine of equitable estoppel should not be applied to preclude the respondents from asserting the Statute of Limitations as an affirmative defense *(see, Di Geloromo v Metropolitan Suburban Bus Auth.,* 116 AD2d 691). Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.