■ In the Matter of MNDN RESTAURANT, INC., Doing Business as FOUR STAR STEAK HOUSE TOO, Respondent, v ANTHONY GAZZARA et al., Constituting the State Liquor Authority, Appellants.—In a proceeding pursuant to CPLR article 78, to review a determination of the respondent New York State Liquor Authority, dated April 10, 1985, suspending the petitioner's license for a 10-day period and requiring the forfeiture of $1,000 on its bond, the appeal is from a judgment of the Supreme Court, Rockland County (Green, J.), dated September 23, 1985, which granted the petition, vacated the determination of the State Liquor Authority, and, in light of that determination, did not reach the issue of the alleged excessiveness of the penalty.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination of the State Liquor Authority is reinstated except to the extent that said determination requires, as a penalty, the forfeiture of the $1,000 bond claim, and the matter is remitted to the State Liquor Authority for a new penalty of not more than a suspension of the petitioner's license for a 10-day period.

The petitioner MNDN Restaurant, Inc., doing business as Four Star Steak House Too, a corporation which operates a bar and restaurant in Monsey, New York, was charged by the State Liquor Authority with having suffered or permitted gambling on its premises in violation of the Alcoholic Beverage Control Law. The petitioner, a corporation operating for many years with an unblemished record, was ultimately found guilty of this charge, after a hearing, on the basis of the testimony of an investigator for the appellants, to the effect that petitioner maintained two Joker-Poker video games, machines which were found to constitute gambling devices within the meaning of Penal Law § 225.00. The State Liquor Authority sustained the findings and conclusions of the Hearing

Officer and accordingly suspended the petitioner's license for a 10-day period, imposed a $1,000 penalty by requiring the forfeiture of petitioner's compliance bond, and directed the removal of the subject video games.

The petitioner thereafter commenced the instant proceeding challenging the appellants' determination as arbitrary and capricious. The Supreme Court, Rockland County, in a memorandum decision dated August 16, 1985, concluded that the "determination * * * that the coin operated video game Joker-Poker is a gambling device; and that its presence and location on petitioner's licensed premises constituted the sufferance and permission of gambling therein [was] arbitrary and capricious". The court further found that while Joker-Poker, which involves a card game commonly associated with a gambling activity, may generate more concern than do other video games, "[i]t is not, however, the name of a video game, without more, that can constitute a violation of Section 106 (6) of the Alcoholic Beverage Control Law". Finally, the court noted that the fact that an element of chance is involved in the operation of Joker-Poker does not make the machine a gambling device since an element of chance is present in every coin-operated video game.

The Supreme Court, on the basis of the foregoing analysis, set aside the determination of the State Liquor Authority. This appeal ensued.

By virtue of the Court of Appeals decision in *Matter of Plato's Cave Corp. v State Liq. Auth.* (68 NY2d 791), wherein it was held that Joker-Poker video machines do constitute gambling devices, we reverse the judgment and reinstate the determination of the State Liquor Authority.

The appellants in the instant case amply demonstrated that the petitioner's managerial staff was fully aware that patrons who utilize the Joker-Poker video game could receive an extension of playtime or credits, without being charged therefor, in the event a sufficiently high score was achieved. Thus, since successful players were effectively awarded " '[s]omething of value' " *(see,* Penal Law § 225.00 [6]) in the event of a particular outcome, the State Liquor Authority properly concluded the the petitioner did, in fact, permit or suffer gambling on the premises. Its determination in this regard cannot, therefore, be said to have been arbitrary or capricious.

We find, however, that the provision requiring forfeiture of petitioner's $1,000 compliance bond was excessive. Under the

circumstances, the penalty should have been limited to a suspension of petitioner's license for a period of not more than 10 days. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.