■ In the Matter of MACK CONROY, INC., Doing Business as THE GALLERY LOUNGE, Petitioner, v THOMAS DUFFY et al, Constituting the New York State Liquor Authority, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated January 12, 1989, which, after a hearing, found the petitioner in violation of Alcoholic Beverage Control Law § 106 (6), and imposed a penalty of revocation of the petitioner's on-premises liquor license, with a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On February 13, 1986, March 5, 1986, and March 20, 1986, an undercover police officer purchased what was believed to be cocaine at the premises known as The Gallery Lounge located in Staten Island which was operated by the petitioner licensee. Each time it was purchased from a patron while the barmaid, with whom the patron purportedly had some sort of relationship, was tending the bar. On each occasion, none of the principals of the licensee corporation was present. Based upon these incidents the respondents determined that the petitioner suffered or permitted its premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6). The respondents' determination is supported by substantial evidence in the record (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

It is well established that absent evidence that a licensee or someone vested with managerial or supervisory authority whose knowledge could be imputed to the licensee knew or should have known of the improper activity, a finding that the licensee suffered or permitted the improper conduct may not be sustained (see, Matter of Richjen Rest. v State Liq. Auth., 51 NY2d 847; Matter of JVC Tavern Corp. v New York State Liq. Auth., 123 AD2d 764, affd 70 NY2d 805). Although it is evident that the barmaid who was present did not hold a position that would result in her knowledge being imputed to the petitioner (see, Matter of Richjen Rest. v State Liq. Auth., supra, at 849-850), the petitioner may be charged with the knowledge it would have obtained through the exercise of

reasonable diligence in supervising the licensed premises *(see, People ex rel. Price v Sheffield Farms-Slawson-Decker Co.,* 225 NY 25, 30; *Matter of Cuti v Roth,* 50 AD2d 1044, 1045). Arthur Conroy, one of two principals of the petitioner, candidly admitted that David Mack, the second principal of the petitioner, who was supposed to be present at the bar on the nights in question to supervise its operations, was not in fact present and did not take measures to have someone take his place. A licensee cannot avoid the consequences of violating Alcoholic Beverage Control Law § 106 (6) merely by failing to provide supervision at its premises *(see, Matter of Cuti v Roth, supra,* at 1045).

The petitioner further contends that the revocation of its liquor license and the imposition of the $1,000 bond claim was an excessive penalty. We find that the penalty was not shocking to one's sense of fairness in light of all the circumstances *(see, Matter of Popeye's Pub v State Liq. Auth.,* 51 AD2d 728; *Matter of Rodriguez v New York State Liq. Auth.,* 36 AD2d 702). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.