■ In the Matter of TEGO'S TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Mahoney, P. J.

Respondent, by amended notice of pleading and hearing dated February 4, 1988, instituted a proceeding to cancel or revoke petitioner's on-premises liquor license on the following charges: (1) that on October 1, 1985, the licensee permitted gambling on the licensed premises in violation of Alcoholic Beverage Control Law § 106 (6), and (2) that on the same date, the licensee permitted gambling on the licensed premises by the use of a game machine with a free games or cash payoff possibility, also in violation of Alcohol Beverage Control Law § 106 (6). After a statutory hearing on April 5, 1988, an Administrative Law Judge (hereinafter ALJ) found that the charges had been sustained. On December 21, 1988, respondent adopted the findings of the ALJ. Petitioner's license was suspended for 25 days, a $1,000 bond forfeiture was imposed and the gaming devices were ordered removed from petitioner's licensed premises. This CPLR article 78 proceeding was commenced by petitioner to challenge the determination and transferred to this court.

We confirm. We have held that at evidentiary hearings where the licensee contests disciplinary charges, questions of credibility are within the province of respondent *(Matter of Price Chopper Operating Co. v State Liq. Auth.,* 53 AD2d 806, 807). We also stated in *Matter of Venditte v Rohan* (3 AD2d 686) that it is for respondent to determine the weight and credibility to be given to the testimony and evidence presented at a hearing. When the evidence is conflicting, it is for respondent to base its inferences on what it accepts as the truth *(see, Matter of Silver Grill v State Liq. Auth.,* 56 AD2d 977, 978). This court may not substitute its own judgment for that of an administrative agency on the question of credibility in such cases, but is relegated to a general review of the facts to ascertain if the findings are based on substantial evidence *(see, Matter of Kelly v Duffy,* 144 AD2d 792, 793). Here, while there were contradictions and some confusion as to details in Investigator John Toomey's testimony about the identity of the patrons who received monetary payoffs, the record, nonetheless, is clear that petitioner's principals, Timothy Bunsic and Polly Bunsic, were present on the licensed premises when video display game machines known as High-Low Joker Poker were being played by patrons, and, further, that $6 payoffs were made to several unidentified patrons. Further, Toomey testified that Polly Bunsic played one of the machines with

him and his confidential informant, all in violation of the Alcoholic Beverage Control Law.

It is difficult to credit petitioner's contentions that respondent's findings are not supported by substantial evidence or, alternatively, are arbitrary and capricious, since neither Timothy Bunsic nor Polly Bunsic, though present at the hearings, chose to testify, thereby permitting the ALJ to draw all adverse inferences which the evidence permits *(see, Matter of Gongola v Szado,* 85 AD2d 853, 854).

Finally, we reject petitioner's contention that respondent violated its own regulation (9 NYCRR 54.4 [g], [i]) in that the ALJ failed to make his written report within 30 days after the completion of the hearing, thereby denying petitioner an opportunity to controvert the findings before the report was furnished to respondent. This court recently held in *Matter of Heiss v Duffy* (149 AD2d 902, 903) that the failure of the ALJ to submit the hearing report to petitioner for objection and contravention did not deprive petitioner of a fair hearing since "[t]he relevant regulation (9 NYCRR 54.4 [g]) provides that the report should be furnished to the licensee when a request for it is made on the record at the hearing". No such request was made.

Since the record discloses substantial evidence to sustain respondent's determination that petitioner violated the Alcoholic Beverage Control Law and respondent's regulation, we confirm the administrative determination.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.