SECOND DEPARTMENT, MARCH, 1990

(March 2, 1990)

■ JOSEPH R. FELLE, Doing Business as ANCHOR INN, Appellant, v THOMAS A. DUFFY, JR., as Chairman of the State Liquor Authority of the State of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Chairman and members of the State Liquor Authority of the State of New York, dated February 10, 1988, suspending the petitioner's liquor license, 10 days forthwith and 10 days deferred, the petitioner appeals from a judgment of the Supreme Court, Queens County (Joy, J.), dated December 21, 1988, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

In or about July 1986 the New York State Liquor Authority filed charges against the petitioner, the owner and operator of the Anchor Inn, for serving alcoholic beverages to an individual under the age of 21 years "on the evening of May 2 and 3, 1986", in violation of the Alcoholic Beverage Control Law § 65 (1). Following an administrative hearing, these charges were upheld. By determination dated February 10, 1988, the Chairman confirmed the Hearing Officer's findings and suspended the petitioner's liquor license for a period of 20 days, 10 days forthwith and 10 days deferred. The petitioner instituted the instant proceeding to review the determination dated February 10, 1988, on the basis, *inter alia,* that he was denied due process during the administrative hearing when the minor patron invoked his constitutional right against self-incrimination during cross-examination. The Supreme Court dismissed the proceeding and we affirm.

We reject the petitioner's contention that he was denied due process when the minor, during cross-examination, asserted his right against self-incrimination when he was asked about the source of his false identification document. The question concerning the source of the minor's false identification was not relevant to the principal issue of the proceeding, i.e., the petitioner's alleged violation of the Alcoholic Beverage Control

Law § 65 (1), and the record clearly establishes that the petitioner conducted a thorough cross-examination of the minor. Accordingly, the petitioner's hearing was fairly conducted. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.