■ In the Matter of JOSEPH P. VALENTINO, Respondent, v

STATE LIQUOR AUTHORITY et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Stanley L. Sklar, J.), entered December 9, 1988, which granted the petition pursuant to CPLR article 78, annulled the determination of respondent dated July 11, 1988, and remanded the matter to respondent for imposition of a new penalty in accordance with the court's decision dated November 4, 1988, unanimously affirmed, without costs or disbursements.

Respondent had imposed a penalty of a 20-day (5 remitted) license suspension plus a $1,000 bond forfeiture in connection with two charges stemming out of possession of a Joker Poker machine, after petitioner had pleaded "no contest" to the first and a hearing was held on the second. The IAS court found that petitioner had been impermissibly penalized twice, that no explanation was given for failure to grant a good-record deferment, and that the dual penalty was excessive.

Contrary to respondent's contentions, the court properly found the penalty to be arbitrary, capricious and an abuse of discretion *(Matter of Pell v Board of Educ.,* 34 NY2d 222). There was no showing of a separate and distinct violation, as petitioner had conceded to possession and maintenance of the machine in charge No. 1 *(see, Matter of Plato's Cave Corp. v State Liq. Auth.,* 68 NY2d 791). Respondent had also failed to set forth reasons why a good-faith deferral was not granted as in similar proceedings *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516). Finally, the imposition of both a license suspension and a bond forfeiture has been held to be excessive under similar circumstances *(Matter of MNDN Rest. v Gazzara,* 128 AD2d 781, *lv denied* 70 NY2d 603; *Matter of Popper's Delicacies v State Liq. Auth.,* 98 AD2d 601, *lv denied* 61 NY2d 606).

The order of this court entered herein on March 27, 1990 [159 AD2d 420] is recalled and vacated. Concur—Ross, J. P., Carro, Asch and Rubin, JJ.