■ In the Matter of CBH PIONEER ENTERPRISES, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review an amended determination of the respondent New York State Liquor Authority dated September 22, 1989, which, after a hearing, suspended the petitioner's license to sell liquor for a period of 30 days and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law and as a matter of discretion, to the extent that the penalty imposed is annulled, the amended determination is otherwise confirmed, the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the respondent New York State Liquor Authority for the imposition of a new penalty not to exceed a suspension of the petitioner's license for more than 30 days (20 days forthwith and 10 days deferred).

The respondent New York State Liquor Authority adopted the findings of the Hearing Officer crediting the testimony of witnesses to the effect that the petitioner permitted the sale of an alcoholic beverage to a minor and permitted gambling on the premises in the form of a Joker Poker video machine. We find that the amended determination was supported by substantial evidence in the record as a whole (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Plato's Cave Corp. v State Liq. Auth., 68 NY2d 791; Matter of MNDN Rest. v Gazzara, 128 AD2d 781; Matter of New York Pan Pizza Corp. v New York State Liq. Auth., 150 AD2d 694).

We conclude that the penalty imposed is excessive to the extent indicated. Under the circumstances, including the petitioner's prior unblemished record, the penalty imposed should not exceed a suspension of the petitioner's license for 30 days (20 days forthwith and 10 days deferred). No bond forfeiture should be imposed (see, Felle v Duffy, 159 AD2d 458; Matter of Levittown Events v Duffy, 135 AD2d 539; cf., Matter of 596 Main St. Corp. v New York State Liq. Auth., 141 AD2d 643; Matter of Leewood Beverage Center v State Liq. Auth., 139

AD2d 649; *Matter of New York Pan Pizza Corp. v New York State Liq. Auth., supra).*

We find the petitioner's remaining contention to be without merit. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.