■ In the Matter of WE RESTAURANT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated December 8, 1989, which revoked the petitioner's liquor license and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the penalty imposed is annulled, the proceeding is otherwise dismissed, and the matter is remitted to the respondent New York State Liquor Authority for the imposition of a new penalty not to exceed (1) a $1,000 bond forfeiture, and (2) a suspension of the petitioner's liquor license for not more than 60 days.

Contrary to the petitioner's contentions, there was substantial evidence supporting the respondent's determination (1) that alcoholic beverages were served to a person under the

age of 21 years old, and (2) that the petitioner allowed the premises to become disorderly by permitting or suffering the use of marihuana on the premises. There was substantial evidence supporting the respondent's finding that the petitioner failed to provide adequate supervision at its establishment. Significantly, we have held that a licensee "may be charged with the knowledge it would have obtained through the exercise of reasonable diligence in supervising the licensed premises" *(Matter of Mack Conroy, Inc. v Duffy,* 155 AD2d 665, 665-666; *Matter of P.M. Entertainment Indus. v State Liq. Auth.,* 114 AD2d 457, 458-459, *affd* 67 NY2d 834).

While the petitioner takes issue with the testimony of several witnesses who appeared on the respondent's behalf, the Administrative Law Judge, having seen and heard the witnesses testify, was in the best position to assess their credibility, and we see no reason to disturb that determination on the record before us *(see, e.g., Matter of CBH Pioneer Enters. v New York State Liq. Auth.,* 172 AD2d 520).

We find, however, that the penalty was so excessive that, under the circumstances, the penalty must be annulled and the matter remitted to the respondent for imposition of a new penalty not to exceed a 60-day suspension of the petitioner's license and a $1,000 bond forfeiture *(see, Matter of CBH Pioneer Enters. v New York State Liq. Auth., supra).* Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.