■ In the Matter of ROSALIE A. PERRY, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated October 16, 1990, which rejected the conclusions of an Administrative Law Judge and, upon its own findings, concluded that the licensee permitted the premises to become disorderly by permitting the traffic and sale of controlled substances on the licensed premises in violation of Alcoholic Beverage Control Law § 106, and imposed a penalty of revocation of the license and forfeiture of the licensee's $1,000 bond.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The New York State Liquor Authority (hereinafter the SLA)

charged that on March 6, July 3 through 20, and August 5, 1987, the petitioner licensee "suffered or permitted the licensed premises to become disorderly by suffering or permitting the traffic, sale [and] use of a controlled substance on the licensed premises in violation of subdivision 6 of Section 106 of the Alcoholic Beverage Control Law". The SLA scheduled a hearing, at which undercover police officers testified that during the times in question, they purchased cocaine at the licensed premises. The testimony revealed that most of these sales were made by the licensee's niece, who was acting as bartender at the time. No testimony indicated that either the licensee, or the manager of the premises, was on the premises at the time of the sales.

The Administrative Law Judge found that the SLA failed to establish that the licensee permitted disorderly conduct on the premises (see, Alcoholic Beverage Control Law § 106), and recommended dismissal of the charges. The SLA subsequently reversed the determination of the Administrative Law Judge, and sustained the charges against the petitioner, finding that the petitioner would have obtained knowledge of the disorder through the exercise of reasonable diligence in supervising the licensed premises (see, Matter of We Rest. v New York State Liq. Auth., 175 AD2d 165; Matter of Mack Conroy, Inc. v Duffy, 155 AD2d 665).

Contrary to the petitioner's contentions, the SLA presented substantial evidence at the hearing to sustain the charges against her (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Fabulous Steak House v New York State Liq. Auth., 186 AD2d 566). In addition, we find that the punishment imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Mack Conroy, Inc. v Duffy, 155 AD2d 665, supra).

We reject the petitioner's contention that the SLA waived its right to reverse the findings of the Administrative Law Judge because the SLA failed to comply with the time frame prescribed in Alcoholic Beverage Control Law § 120. The prescribed time frame is not mandatory but merely directive (see, Matter of Lawrence v New York State Liq. Auth., 154 AD2d 909). Moreover, the petitioner failed to demonstrate any prejudice resulting from the SLA's delay in rendering its determination.

We have reviewed the petitioner's remaining contentions, and find them to be either unpreserved for our review or

without merit. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.