■ In the Matter of B.C.D. & S. Enterprises, Ltd., Doing Business as Molly Maguires, Petitioner, v New York State Liq. Auth., Respondent. [608 NYS2d 728] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent which suspended petitioner's license to sell alcoholic beverages for 30 days.

As a consequence of illegal drug sales occurring on petitioner's premises, respondent charged it with permitting the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6) and engaging in improper conduct (9 NYCRR 53.1 [n]). The proof adduced at the administrative hearing shows that a confidential informant advised the Rockland County District Attorney's office that he could purchase cocaine from a number of people who frequented petitioner's bar and from Ronald Beller, a part-time bartender. On June 10, June 30 and July 8, 1988, the informant made four purchases of cocaine from two patrons and Beller, who subsequently pleaded guilty to the crime of criminal possession of a controlled substance in the seventh degree.

The Administrative Law Judge (hereinafter ALJ) concluded that the disorderly premises charge was not sustained because the sales were made in a clandestine manner in the men's room and that Sylvia Kapsack, petitioner's sole principal and manager, did not have actual or constructive knowledge of the illegal activity. Although he found that Beller engaged in improper conduct, the ALJ stated that petitioner could not be

charged with such conduct because Beller was not an officer, director or person holding 10% of petitioner's stock. Respondent rejected the recommendation of the ALJ and sustained both charges. Petitioner then commenced this CPLR article 78 proceeding claiming that respondent's determination is not supported by substantial evidence and that the penalty imposed is excessive.

It is well established that, absent evidence that a licensee or someone with managerial or supervisory authority whose knowledge could be imputed to the licensee knew or should have known of improper activity, a finding that the licensee suffered or permitted the improper conduct may not be sustained (see, Matter of Mack Conroy, Inc. v Duffy, 155 AD2d 665). However, a licensee may be charged with knowledge it would have obtained through the exercise of reasonable diligence in supervising the licensed premises (see, Matter of We Rest. v New York State Liq. Auth., 175 AD2d 165, 166).

Kapsack admitted that she was present on June 30, 1988, but stated that she was not on the premises on the dates the other sales took place and had not designated anyone to supervise the premises in her absence. Her absence does not inure to her benefit because a licensee cannot avoid the consequences of violating Alcoholic Beverage Control Law § 106 (6) merely by not being present and failing to provide supervision for the premises (see, Matter of Mack Conroy, Inc. v Duffy, supra, at 666). Given the fact that the conversations arranging drug sales took place in open areas of the premises in normal tones of voice and were immediately followed by the participants going into the men's room, and from the number of purchases and the relative ease with which they were made, it can be inferred that the sales were not isolated incidents but were part of a continuous course of conduct. Therefore, in our view there is substantial evidence to sustain the charge of permitting the premises to become disorderly (see, Matter of Perry v New York State Liq. Auth., 190 AD2d 675, lv denied 82 NY2d 659).

We further conclude that, inasmuch as the definition of a "licensee" includes an employee of the licensee (9 NYCRR 53.2) and as the crime for which Beller was convicted is not one of those enumerated in 9 NYCRR 53.1 (g), respondent's determination that petitioner engaged in improper conduct should also be sustained.

Finally, we find that the 30-day suspension of petitioner's liquor license and the $1,000 bond claim which were imposed

as a penalty were not so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Bars R Us v New York State Liq. Auth.,* 192 AD2d 1050, 1051).

Cardona, P. J., Mercure, Crew III and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.