■ In the Matter of HELEN DEANE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [622 NYS2d 543] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated September 22, 1993, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 106 (6), revoked her on-premises liquor license, and imposed a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, there was substantial evidence in the record to support the New York State Liquor Authority's determination that she suffered or permitted the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6) by permitting the sale and use of cocaine on the premises. The petitioner failed to exercise reasonable diligence in supervising the premises, despite being advised by the police that her bartenders were selling cocaine, and is charged with the knowledge she would have acquired had she adequately supervised the bar *(see, Matter of Perry v New York State Liq. Auth.,* 190 AD2d 675; *Matter of We Rest. v New York State Liq. Auth.,* 175 AD2d 165; *Matter of Mack Conroy, Inc. v Duffy,* 155 AD2d 665). The improper conduct here was such that it could have been observed and prevented had the premises been properly supervised.

Further, the revocation of the on-premises liquor license and imposition of the $1,000 bond forfeiture is not shocking to one's sense of fairness under the circumstances *(see, Matter of Perry v New York State Liq. Auth., supra; Matter of Mack Conroy, Inc. v Duffy, supra; Matter of 1650 Hempstead Turnpike Rest. Corp. v New York State Liq. Auth.,* 106 AD2d 447).

We have considered the petitioner's remaining contention that she was denied due process and find it to be without merit. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.