■ In the Matter of RUMORS DISCO, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [623 NYS2d 596] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York State Liquor Authority, dated September 17, 1993, which, after a hearing, suspended the petitioner's liquor license for 60 days and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222). The petitioner's contention that the determination of the respondent, the New York State Liquor Authority, was not supported by substantial evidence is without merit. The resolution of credibility issues, within the scope

of the instant administrative hearing, was primarily within the province of the respondent agency *(see, Matter of Di Maria v Ross,* 52 NY2d 771), and this Court "may not substitute its own judgment for that of an administrative agency on the question of credibility" *(Matter of Tego's Tavern v New York State Liq. Auth.,* 158 AD2d 900, 901).

In addition, we reject the petitioner's assertion that it was substantially prejudiced because the proposed findings and opinion were issued by someone other than the original Hearing Officer when that officer was unable to do so within 30 days of the hearing *(see,* 9 NYCRR 54.4 [i]; *Matter of New York Pan Pizza Corp. v New York State Liq. Auth.,* 150 AD2d 694; *Matter of Kelly v Duffy,* 144 AD2d 792; *Matter of Romanski v McLaughlin,* 85 AD2d 827).

The penalty imposed was not so disproportionate to the offense committed as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of We Rest. v New York State Liq. Auth.,* 175 AD2d 165). Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.