■ In the Matter of S.B.C.L., INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [622 NYS2d 974] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated June 29, 1993, which, after a hearing, suspended the petitioner's license for 30 days and imposed a $1,000 bond claim.

Adjudged that the petition is granted, the determination is annulled, on the law, with costs, and the charge is dismissed.

The petitioner was found to have violated Alcoholic Beverage Control Law § 106 (6) in that it suffered or permitted the licensed premises to become disorderly. Crediting the respondent's witnesses, the Hearing Officer found that several bouncers employed by the licensee assaulted a patron while they were ejecting him from the premises. In this proceeding pursuant to CPLR article 78, the petitioner contends, *inter alia,* that substantial evidence was lacking to establish that the *licensee* suffered or permitted disorderly conduct. We agree.

"It is well established that absent evidence that a licensee or someone vested with managerial or supervisory authority whose knowledge could be imputed to the licensee knew or should have known of the improper activity, a finding that the licensee suffered or permitted the improper conduct may not

be sustained" *(Matter of Mack Conroy, Inc. v Duffy,* 155 AD2d 665; *see also, Matter of De Palo v New York State Liq. Auth.,* 82 AD2d 831, *affd* 54 NY2d 950). Given that none of the principals of the licensee was on the premises at the time of the incident, that there was no showing that the employees involved in this incident were anything other than ordinary employees or that they had been involved in incidents of this nature in the past, or that the manager who was on the premises was aware of the employees' conduct at a time when he could have intervened, the finding that the licensee suffered or permitted the premises to become disorderly is not supported by substantial evidence, and must be annulled *(see, Matter of Bryan & Rose v New York State Liq. Auth.,* 84 AD2d 579, *affd* 57 NY2d 613; *see also, Matter of Playboy Club v State Liq. Auth.,* 23 NY2d 544). Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.