■ In the Matter of DUTCHIE's SURF CLUB, INC., et al., Petitioners, v THOMAS DUFFY et al., Respondents. [624 NYS2d 959] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated November 16, 1993, which, after a hearing, revoked the petitioners' liquor license and imposed a $1,000 bond claim.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the penalty imposed is annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent New York State Liquor Authority for the imposition of a new penalty not to exceed a suspension of the

petitioners' license for more than 30 days and the imposition of a $1,000 bond claim.

The Administrative Law Judge found that, by failing to adequately supervise the licensed premises, the petitioners had suffered or permitted gambling activity to occur thereon in violation of Alcoholic Beverage Control Law § 106 (6). Contrary to the petitioners' contention, the determination of the Chairman of the New York State Liquor Authority adopting the Administrative Law Judge's findings is supported by substantial evidence (see, Matter of Perry v New York State Liq. Auth., 190 AD2d 675; Matter of Mack Conroy, Inc. v Duffy, 155 AD2d 665).

We agree, however, that the penalty that was imposed is excessive. Under the circumstances of this case, which include the petitioners' prior unblemished record, the penalty should not exceed a suspension of the petitioners' license for 30 days and the imposition of a $1,000 bond claim (see, Matter of CBH Pioneer Enters. v New York State Liq. Auth., 172 AD2d 520; Matter of 59 Corner Corp. v New York State Liq. Auth., 175 AD2d 282; Matter of MNDN Rest. v Gazzara, 128 AD2d 781). Sullivan, J. P., Lawrence, Copertino and Joy, JJ., concur.