■ In the Matter of HILLY-HAND, INC., Doing Business as CRYSTAL NIGHTCLUB, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [643 NYS2d 824] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner

challenges the determination of respondent that petitioner had violated Alcoholic Beverage Control Law § 106 (6), and that suspended petitioner's on-premises liquor license for 20 days, 10 days forthwith and 10 days temporarily deferred, together with a $1,000 bond claim.

At 3:30 A.M. on May 31, 1993, 30 police officers from four precincts were called to the premises where petitioner operates a disco known as Crystal Nightclub. At the hearing before an Administrative Law Judge, a police officer testified that, upon his arrival, he observed a large number of people inside the premises; he observed that they were pushing, shoving, and yelling, striving to get outside and that there were numerous fights going on. According to the officer, petitioner's manager told him that the trouble began when a patron, who had been ejected, forced his way back in and began shooting at random. One patron was struck in the leg by a bullet. The manager testified that the shooting had occurred outside and that he had encouraged people outside to take cover inside the premises.

Questions of credibility are "primarily within the province of the respondent agency" (*Matter of Rumors Disco v New York State Liq. Auth.,* 212 AD2d 796, 797; *see, Matter of We Rest. v New York State Liq. Auth.,* 175 AD2d 165, 166); ordinarily, a court will not substitute its view of the evidence for that of the agency responsible for making findings in a disciplinary determination (*see, Matter of Tego's Tavern v New York State Liq. Auth.,* 158 AD2d 900, 901). There is substantial evidence in the record to support respondent's determination that petitioner suffered or permitted the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6), and that it failed to exercise reasonable diligence in supervising the premises (*see, Matter of Deane v New York State Liq. Auth.,* 212 AD2d 611; *Matter of Perry v New York State Liq. Auth.,* 190 AD2d 675, *lv denied* 82 NY2d 659).

We further conclude that the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Deane v New York State Liq. Auth., supra; Matter of Perry v New York State Liq. Auth., supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Queens County, O'Donoghue, J.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.