■ In the Matter of MAURO PETILLO et al., Petitioners, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent. [670 NYS2d 209] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent State of New York Liquor Authority, dated December 23, 1996, which, after a hearing, found that the petitioners had violated Alcoholic Beverage Control Law § 106 (6), revoked their on-premises liquor license, and imposed a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Over a period of approximately six months, an undercover police officer made 10 purchases of narcotics from three bartenders and two patrons at the petitioners' establishment. Although there was no evidence that the petitioner licensees had actual knowledge of the drug sales or were on the premises when they occurred, the respondent agency determined that the petitioners had violated Alcoholic Beverage Control Law § 106 (6) on nine of the sale dates by "suffering or permitting the * * * traffic or sale or use of a controlled substance or marihuana".

The respondent's determination that the petitioners suffered or permitted narcotics sales to occur at the licensed premises is supported by substantial evidence. It is well settled that a licensee may be charged with the knowledge it would have obtained through the exercise of reasonable diligence in supervising the licensed premises, and may not avoid the consequences of violating Alcoholic Beverage Control Law § 106 (6) by failing to provide proper supervision (*see, Matter of*

*B.C.D. & S. Enters. v New York State Liq. Auth.*, 202 AD2d 785; *Matter of Mack Conroy, Inc. v Duffy*, 155 AD2d 665). Contrary to the petitioners' contention, the evidence that three of their bartenders repeatedly engaged in drug sales, and that additional transactions between the undercover officer and two patrons took place in public view at the bar, was sufficient to establish that they failed to exercise reasonable diligence in supervising the premises *(see, Matter of B.C.D. & S. Enters. v New York State Liq. Auth., supra; Matter of Perry v New York State. Liq. Auth.*, 190 AD2d 675; *Matter of Mack Conroy, Inc. v Duffy, supra).*

Furthermore, the penalty of revocation was not shocking to one's sense of fairness under the circumstances *(see, Matter of Deane v New York State Liq. Auth.*, 212 AD2d 611; *Matter of Perry v New York State. Liq. Auth., supra; Matter of Mack Conroy, Inc. v Duffy, supra).*

The petitioners' remaining contentions are without merit. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.