◼ In the Matter of ALBERT D. KELLY, Doing Business as KELLY'S DOCKSIDE KAFE, Petitioner, v ANTHONY J. CASALE et al., Individually and as Members of the NEW YORK STATE LIQUOR AUTHORITY, Respondents. [695 NYS2d 184] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tompkins County) to review a determination of the State Liquor Authority which revoked petitioner's liquor license.

The State Liquor Authority charged petitioner with, *inter alia*, allowing his licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6). Hearings on the charges held before an Administrative Law Judge on November 4, 1993 and June 22, 1994, disclosed that during February and March 1991, undercover State Police Investigators entered petitioner's premises and on two occasions purchased cocaine from petitioner's girlfriend, twice purchased

cocaine from petitioner's bar patrons and in three instances from petitioner's son, who subsequently pleaded guilty to selling drugs. It was further established that in August 1991, petitioner pushed an intoxicated person out the front door of the premises and over a railing, as a result of which the patron sustained a broken arm.

Because the Administrative Law Judge was unable to complete his report, the Authority exercised its power to do so; it sustained the charges, revoked petitioner's license on October 1, 1997, imposed a $1,000 bond claim and a two-year proscription on relicensing the premises for sale of alcoholic beverages. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging the determination.

Petitioner's contention that he was prejudiced by the six-year delay between the first sale and imposition of the penalty is unconvincing. Initially, we note that there is no evidence that the delay was deliberate on respondent's part. And although he laments that during this time period he expended substantial funds to renovate the premises—ostensibly relying on the fact that his license had been renewed in the interim—he has not shown that the delay hampered his ability to prepare or present his case (*see, Matter of Bonhomme v New York State Liq. Auth.*, 221 AD2d 882, 883). Nor is there any evidence that petitioner suffered any economic loss because of the delay (*see, Matter of Roc's Z-Bar v State of New York Liq. Auth.*, 189 AD2d 1077, 1078, *lv dismissed* 81 NY2d 1006). If anything, it appears that the renewal of petitioner's license inured to his benefit as it enabled him to continue to operate his business.

We find untenable petitioner's assertion that there is not substantial evidence to support the Authority's determination that he permitted the premises to become disorderly (*cf., Matter of B.C.D. & S. Enters. v New York State Liq. Auth.*, 202 AD2d 785, 786). Petitioner acknowledged that he was always on the premises and that he opened and closed the business each day. Moreover, it was petitioner's son and girlfriend, both of whom had ready and unfettered access to the premises, who were responsible for a number of the drug sales consummated there. What is more, the day after his son was arrested for selling cocaine, petitioner indicated to an undercover investigator that he was aware of his son's activities. That petitioner should have known about the illegal activity on the premises is thus fairly inferable from the record.

Given the extent of the drug trafficking which occurred, coupled with the assault by petitioner of a patron on the premises, the penalty imposed does not, in our view, shock

one's sense of fairness (*see, Matter of Mack Conroy, Inc. v Duffy,* 155 AD2d 665, 666).

Cardona, P. J., Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.