■■■ In the Matter of J A J K, INC., Doing Business as ROSIE'S PUB, Petitioner, v DIVISION OF ALCOHOLIC BEVERAGE CONTROL, Formerly Known as NEW YORK STATE LIQUOR AUTHORITY, Respondent. [711 NYS2d 367] —Determination unanimously modified in the exercise of discretion and as modified confirmed without costs in accordance with the following Memorandum: The determination that petitioner permitted video gambling and gambling in violation of Alcoholic Beverage Control Law § 106 (6) and 9 NYCRR 53.1 (t) and permitted its premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6) is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182; *see also*, Penal Law § 225.00 [2]; *Matter of Plato's Cave Corp. v State Liq. Auth.*, 115 AD2d 426, *affd* 68 NY2d 791). "The resolution of credibility issues, within the scope of the instant administrative hearing, was primarily within the province of the respondent agency * * * and this Court 'may not substitute its own judgment for that of an administrative agency on the question of credibility'" (*Matter of Rumors Disco v New York State Liq. Auth.*, 212 AD2d 796, 796-797; *see, Matter of Hilly-Hand, Inc. v New York State Liq. Auth.*, 227 AD2d 996, 997).

By failing to raise at the administrative hearing its present contention that the bartender had no managerial authority over the operation of the premises other than on a casual or temporary basis (*see, Awrich Rest. v State Liq. Auth.*, 60 NY2d 645), petitioner has failed to exhaust its administrative reme-

dies with respect to that contention, and this Court has no discretionary power to review it (*see, Matter of Casserino v City of Rochester*, 267 AD2d 967; *Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834).

We agree with respondent that a severe penalty is appropriate in this case given the serious nature of the violations. However, we agree with petitioner that, under the circumstances of this case, the penalty imposed by respondent is shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *see, e.g., Matter of Dimkos v New York State Liq. Auth.*, 261 AD2d 927). Therefore, in the exercise of our discretion, we modify the determination and grant the petition in part by vacating that part of the penalty proscribing relicensing of the premises for two years. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.