■ In the Matter of ISLAND MERMAID REST. CORP., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [859 NYS2d 732]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated June 27, 2007, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 106 (6) and imposed a civil penalty in the sum of $2,500.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the charge is dismissed.

The respondent found that the petitioner violated Alcoholic Beverage Control Law § 106 (6) in that it "suffer[ed] or permit-

[ted]" the licensed premises to become disorderly. The hearing officer found that one of the petitioner's employees verbally abused patrons and then became involved in a physical altercation in the process of ejecting these patrons from the premises. The petitioner argues, inter alia, that the evidence was insufficient to establish that the licensee "suffer[ed] or permit[ted]" disorderly conduct. We agree.

"[T]o sustain a violation of [Alcoholic Beverage Control Law § 106] it must be demonstrated that the licensee had knowledge or the opportunity through reasonable diligence to acquire knowledge of the alleged acts" (*Matter of Leake v Sarafan*, 35 NY2d 83, 86 [1974]; *see Matter of Beer Garden v New York State Liq. Auth.*, 79 NY2d 266, 276 [1992]; *Matter of Cityworld Enters. v New York State Liq. Auth.*, 183 AD2d 402 [1992]). Furthermore, absent evidence that a licensee or someone vested with managerial or supervisory authority whose knowledge could be imputed to the licensee knew or should have known of the improper activity, a finding that the licensee suffered or permitted improper conduct cannot be sustained (*see Matter of Playboy Club of N.Y. v State Liq. Auth. of State of N.Y.*, 23 NY2d 544 [1969]; *Matter of S.B.C.L., Inc. v New York State Liq. Auth.*, 212 AD2d 797 [1995]; *see also Awrich Rest. v New York State Liq. Auth.*, 60 NY2d 645 [1983]).

Here it is undisputed that the subject incident, which involved a nonmanagerial employee, was spontaneous, isolated, and of very brief duration. There was no testimony adduced that the manager of the premises on the night in question was even aware that the incident was taking place. There was also no evidence that the employee involved in the incident had been previously involved in any other such incident, or even that any disorder had ever taken place on the licensee's premises. Given these circumstances, the finding that the licensee suffered or permitted the premises to become disorderly, and thus violated Alcoholic Beverage Control Law § 106 (6), is not supported by substantial evidence and must be annulled (*see Matter of Playboy Club of N.Y. v State Liq. Auth. of State of N.Y.* , 23 NY2d 544 [1969]; *Matter of S.B.C.L., Inc. v New York State Liq. Auth.*, 212 AD2d 797 [1995]). Santucci, J.P., Covello, Belen and Chambers, JJ., concur.