■ In the Matter of PLATO'S CAVE CORPORATION, Respon-

dent, v STATE LIQUOR AUTHORITY et al., Appellants.—Judgment of the Supreme Court, Bronx County (Irma V. Santaella, J.), entered on March 6, 1985, which annulled and vacated respondent State Liquor Authority's determination dated September 4, 1984, which found petitioner Plato's Cave Corporation guilty of two charges of violating the Alcoholic Beverage Control Law, suspended petitioner's license for 10 days deferred for 12 months, directed the payment of petitioner's compliance bond in the sum of $1,000 and directed petitioner to remove the machine "Joker Poker" from the premises, is modified, on the law, to reinstate the respondent's determination on charge No. 1 and to remand to respondent for imposition of a penalty as to this charge, and otherwise affirmed, without costs.

Respondent's investigator played a Joker-Poker video game located in petitioner's premises. He won 24 free games, which he played back into the machine. After a hearing, petitioner was found guilty of charge No. 1—suffering or permitting gambling on the premises, and of charge No. 2—permitting the premises to become disorderly by permitting a gambling device to be kept on the premises. The respondent imposed the penalty of a 10-day license suspension, deferred, plus payment of $1,000 of petitioner's compliance bond and directed the removal of the Joker-Poker machine.

Special Term granted petitioner's article 78 petition finding the respondent's determination arbitrary, capricious and an abuse of discretion with respect to both of the charges sustained. We disagree with Special Term's conclusion as to charge No. 1 and modify accordingly.

Penal Law § 225.00 presents the following definitions relating to gambling offenses that are instructive since the Alcoholic Beverage Control Law contains no such definitions:

"1. 'Contest of chance' means any * * * gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein.

"2. 'Gambling'. A person engages in gambling when he stakes or risks something of value upon the outcome of a contest of chance * * * upon an agreement or understanding that he will receive something of value in the event of a certain outcome. * * *

"6. 'Something of value' means * * * any form of credit or promise * * * involving extension of a service, entertainment or a privilege of playing at a game * * * without charge.

"7. 'Gambling device' means any device, machine, paraphernalia or equipment which is used or usable in the playing phases of any gambling activity".

Special Term found that respondent's investigator had not received anything of value in playing the Joker-Poker video game. However, Penal Law § 225.00 (6), provides that " 'Something of value' " includes the "privilege or playing at a game * * * without charge." The testimony at the hearing clearly indicated the investigator had won credits for winning hands and used these credits for continued play without further payment.

Further, respondent determined that the Joker-Poker video game is one in which "the outcome depends in the largest degree upon an element of chance." Special Term recognized that a degree of skill plays a part in the game, but failed to measure that degree of skill against the definition of " 'Contest of chance' " in Penal Law § 225.00 (1). Under that law, a gambling device depending "in a material degree upon an element of chance," notwithstanding that skill may be involved, is a contest of chance.

Although there is a degree of skill and concentration involved in playing poker, "the outcome depends in a material degree upon an element of chance," i.e., the draw of the cards. *(See, WNEK Vending & Amusements Co. v City of Buffalo,* 107 Misc 2d 353, where outcome of video games depended primarily upon physical skills such as coordination, reflexes, muscular control, concentration, etc.)

The evidence before the hearing officer was sufficient to sustain the charge of permitting gambling on the premises. Each of the requisite elements to establish gambling on the premises and the use of a gambling device (consideration, chance and reward) was proven (Penal Law § 225.00 [1], [2], [6], [7]). Thus, respondent's determination as to this charge was neither arbitrary, capricious, nor an abuse of discretion.

However, Special Term correctly vacated that part of the respondent's determination which sustained charge No. 2—permitting the premises to become disorderly, since respondent failed to present any independent evidence on this charge at the hearing. A finding of guilt for gambling does not ipso facto establish evidence of permitting the premises to become disorderly under the facts presented here. Disorderly conduct, as set forth in Penal Law § 240.20, specifies instances of disorder, none of which can be deemed to encompass the mere possession or use of a gambling device on one's premises.

Accordingly, respondent's determination as to charge No. 2 was made in the absence of any evidence and was, therefore, arbitrary and capricious. Concur—Sandler, Asch, Fein and Rosenberger, JJ.

Kupferman, J. P., dissents in part as follows: I would affirm.

The State Liquor Authority, applying the Alcoholic Beverage Control provision of section 106 (6): "No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly", has imposed a sanction specified in the majority opinion.

Because there is no definition of "gambling" in the Alcoholic Beverage Control Law, the majority turns to section 225.00 of the Penal Law, which provides, as follows:

"§ 225.00 Gambling offenses; definitions of terms

"The following definitions are applicable to this article:

"1. 'Contest of chance' means any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein.

"2. 'Gambling.' A person engages in gambling when he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome. * * *

"6. 'Something of value' means any money or property, any token, object or article exchangeable for money or property, or any form of credit or promise directly or indirectly contemplating transfer of money or property or of any interest therein, or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge.

"7. 'Gambling device' means any device, machine, paraphernalia or equipment which is used or usable in the playing phases of any gambling activity, whether such activity consists of gambling between persons or gambling by a person involving the playing of a machine. Notwithstanding the foregoing, lottery tickets, policy slips and other items used in the playing phases of lottery and policy schemes are not gambling devices."

It is classic definition that what is needed is prize, chance and consideration. (See, Albert, Broadcaster's Legal Guide For

Conducting Contests and Promotions, at 181 [Bonus Books, Chicago, Ill 1985].)

To be gambling, as defined in Penal Law § 225.00 (2), " 'something of value' " must be *risked.* The United States Supreme Court, in *Federal Communications Commn. v American Broadcasting Co.* (347 US 284), construed "consideration" narrowly, and it would not encompass simply putting a quarter in a slot in order to play a game.

On a more practical level, this coin-operated video game of Joker-Poker has been observed in penny arcades, and it has no affect on the question of alcohol control.

For the charge to be sustained in this matter, we must concur that the State Liquor Authority has pervasive control over anything and everything that may occur in an establishment where liquor is purveyed.

This cannot be.