■ In the Matter of PENOKE RESTAURANT, INC., Doing Business as THE JOLLY TINKER, Respondent-Appellant, v STATE LIQUOR AUTHORITY et al., Appellants-Respondents.—Judgment, denominated an order, of Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered May 13, 1985, modifying a penalty imposed by the State Liquor Authority (Authority), unanimously modified, on the law and the facts, without costs, to vacate the Authority's finding that petitioner was guilty of charge 2, and to vacate the penalty as modified by the judgment appealed from, and the matter is remanded to the Authority for reconsideration of such penalty, in accordance with this decision.

On May 24, 1984 the Authority notified petitioner that a proceeding for revocation of its license would be held on the following charges:

"1. That the licensee violated Section 106, subdivision 6 of the Alcoholic Beverage Control Law in that it suffered or permitted gambling on the licensed premises on July 28, 1983.

"2. That the licensee violated Section 106, subd. 6 of the Alcoholic Beverage Control Law in that it suffered or permitted the licensed premises to become disorderly on July 28, 1983, by suffering or permitting a gambling device to be kept on the licensed premises."

Petitioner pleaded not guilty and a statutory hearing was held on both charges before a Hearing Officer of the Authority. The Authority's investigator testified that he visited petitioner's premises on July 28, 1983 and observed a "Joker Poker" video game machine on the premises. The investigator obtained change from the barmaid and played the machine. He won 24 games and received $6 from the barmaid. The barmaid testified that credits were never paid for in cash. She admitted being on duty at the time of the investigator's visit.

The Hearing Officer issued a report determining that petitioner was guilty of both charges.

The Authority adopted the Hearing Officer's findings and sustained the charges, imposing a penalty of license suspension for 20 days (10 days forthwith and 10 days deferred) and forfeiture of a $1,000 bond. It further directed that the "Joker Poker" machine be removed. This proceeding was brought by petitioner to challenge the findings of guilt and the penalty.

Special Term found there was a rational basis for the findings of guilt on both charges. However, Special Term modified the penalty by vacating the $1,000 bond forfeiture, concluding that one episode of gambling did not justify a bond forfeiture as well as a suspension.

The Authority appealed from Special Term's modification of the penalty, and petitioner cross-appealed to the extent that the judgment sustained both charges, failed separately to address charge No. 2 and to make an adjudication thereof, and failed to remand the matter to the Authority for reconsideration of the penalty.

Petitioner contends that there was no support for the Authority's finding that it had suffered or permitted gambling on its premises, and that knowledge of the single incident of gambling, as to which the inspector testified, cannot be imputed to the management in the absence of evidence that they were aware of it.

Here it is undisputed that the "Joker Poker" machine was in clear view of anybody in the premises so that it was not

possible for petitioner's principals to be unaware of its presence. The Hearing Officer accepted the testimony of the inspector concerning the fact that he played the machine and received $6 from the barmaid for his winnings. We have held that "Joker Poker", so used, is a game of chance, and violates the applicable regulations (Matter of Plato's Cave Corp. v State Liq. Auth., 115 AD2d 426). On this basis, we agree that the finding of guilt respecting charge No. 1 was properly made and sustained. However, the record does not support the finding of guilt on the second charge, for permitting or suffering the premises to become disorderly. No independent evidence in support of that charge was submitted other than the evidence of the gambling incident. In Plato's Cave (supra), we held that the finding of guilt on a similar charge was properly vacated.

In this case, Special Term held that the penalty of a $1,000 bond forfeiture, together with a 20-day suspension (10 days forthwith and 10 days deferred), was excessive, and vacated the bond forfeiture. Since we are vacating the finding of guilt as to charge No. 2, and the penalty imposed even as modified covered both charges, we are remanding the matter to the Authority for the purpose of determining the appropriate punishment for the finding of guilt on charge No. 1, which we are sustaining (see, Burke's Auto Body v Ameruso, 113 AD2d 198). Concur—Sullivan, J. P., Asch, Fein, Milonas and Ellerin, JJ.