OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner argues that the State Liquor Authority (SLA) *793 improperly relied upon definitions in the Penal Law in holding that it permitted "gambling” on its premises in violation of Alcoholic Beverage Control Law § 106 (6) and that the evidence was, in any event, insufficient to establish that it "suffered or permitted” gambling.[1]
The first argument is predicated upon the fact that, although the Joker Poker machine played by the SLA investigator gave nothing else by way of a prize, it permitted a winning player to play additional games without charge. Alcoholic Beverage Control Law § 106 (6) does not define gambling, but Penal Law §225.00 (2) defines "gambling” as engaging in a contest of chance from which something of value is received. Section 225.00 (6) defines "something of value” as "any form of credit * * * involving * * * a privilege or playing at a game or scheme without charge”, and the award of a free play has been held gambling in violation of the Penal Law in a number of cases (People v Swartz, 282 NY 596; People v Antonelli, 17 AD2d 1033; People v Raziano, 268 App Div 798).[2]
The Appellate Division’s conclusion was correct, therefore, unless reliance upon the Penal Law for the definition of gambling as used in the Alcoholic Beverage Control Law was improper. It has, however, long been held that statutes which relate to the same or to cognate subjects are in pari materia and to be construed together unless a contrary intent is clearly expressed by the Legislature (Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298, 304; Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach, 39 NY2d 1029, affg on opn at 79 Misc 2d 438; Betz v Horr, 276 NY 83, 88; McKinney’s Cons Laws of NY, Book 1, Statutes § 221). The Alcoholic Beverage Control Law contains no evidence of such a contrary intent, but petitioner argues that Penal Law § 5.10 (3) is such a proscription. We disagree, for both the language of that provision and its legislative *794 history establish that the purpose of the subdivision was to make clear that notwithstanding provisions of the Penal Law other forms of prosecution or recovery continued to coexist and were not preempted.[3]
The crux of petitioner’s "suffered or permitted” argument is that the only one in attendance when the SLA investigator played the machine was a barmaid and no evidence was presented to establish that she had supervisory or managerial authority. The evidence established, however, that petitioner’s license to maintain the machine on its premises was issued on April 6, 1983, that on December 1, 1983 the investigator obtained $10 in quarters from the barmaid to enable him to play the machine, and that when free play credit was won a light on the machine so indicating went on. From the licensing of the machine, its presence on the premises and the availability of quarters for use in playing it, the period of time (eight months) that the machine had been on the premises and the existence of the credit light on the machine, it may reasonably be inferred that petitioner’s managerial personnel were aware that free plays were provided and, therefore, that they "suffered or permitted” gambling.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.

. It argues also that the penalty imposed was excessive. Because the second charge of permitting the premises to become disorderly was dismissed, the Appellate Division remitted to the Authority for imposition of a revised penalty. Therefore, the penalty issue is not properly before us. Nor, the Authority not having sought leave to appeal, do we consider its argument that the disorderly premises charge was improperly dismissed (Hecht v City of New York, 60 NY2d 57; see, Matter of City School Dist. v Tonawanda Educ. Assn., 64 NY2d 645).

. To the extent that the dictum in Matter of WNEK Vending & Amusements Co. v City of Buffalo (107 Misc 2d 353) is to the contrary, it is not to be followed.

. The staff notes of the Temporary State Commission on Revision of the Penal Law and Criminal Code (at 252) state that section 5.10 of the present Penal Law "substantially restates existing Penal Law §§ 23, 24, 37, 39 and 41.” Those provisions of the 1909 Penal Law maintained preexisting civil rights and remedies and other forms of remedy, civil or military, and made clear that the Penal Law did not affect criminal procedure. They had no bearing on whether provisions of the Penal Law were to be considered in construing statutes in pari materia.