■ O'CARROLL REST. CORP., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Judgment, Supreme Court, Bronx County (Alfred J. Callahan, J.), entered December 26, 1985, which granted petitioner's CPLR article 78 petition to the extent of annulling the respondent's determination with respect to the first and second charges, vacating the penalty imposed, and remanding the matter to the respondent for the imposition of an appropriate penalty with respect to the remaining charges, unanimously modified, on the law, to reinstate respondent's determination sustaining petitioner's guilt on the first charge, permitting gambling on the premises

in violation of Alcoholic Beverage Control Law § 106 (6), and otherwise affirmed, without costs.

Following a hearing, the Administrative Law Judge sustained four charges against petitioner—(1) that it permitted gambling on the licensed premises by virtue of maintaining a "Joker Poker" video game machine; (2) that it permitted the licensed premises to become disorderly by suffering a gambling device (the "Joker Poker" machine) to be kept; (3) that it sold or gave away alcoholic beverages on the licensed premises during prohibited hours, to wit, a Sunday morning; and (4) that it permitted consumption of alcoholic beverages more than one-half hour after the start of prohibited hours of sale, covering the same incident which forms the basis for charge No. 3.

The New York State Liquor Authority (the Authority) adopted the findings of the Administrative Law Judge, sustained his findings of guilt, and imposed a penalty of a 20-day suspension of petitioner's license (10 days forthwith and 10 days deferred) and a $1,000 bond forfeiture.

In this article 78 proceeding, petitioner challenges the determination with respect to the first two charges, concerning the "Joker Poker" machine. It does not contest the findings regarding charges Nos. 3 and 4.

Special Term granted the application to the extent of annulling the determination sustaining charges Nos. 1 and 2, finding that as "Joker Poker" was a game of skill and nothing of value (other than free games) could be won, petitioner's maintaining the machine on the premises does not constitute gambling. Special Term also vacated the penalty and remanded the matter to the Authority for determination of an appropriate penalty with respect to charges Nos. 3 and 4.

We reverse and reinstate the Authority's determination with respect to the gambling charge. It is now well settled that "Joker Poker" is a game of chance, and that even if the only prize offered is a free game, it violates the Authority's regulations regarding gambling in licensed premises. (*Matter of Plato's Cave Corp. v State Liq. Auth.*, 115 AD2d 426, *affd* 68 NY2d 791; *see also, Matter of Penoke Rest. v State Liq. Auth.*, 121 AD2d 921.)

However, we affirm that portion of Special Term's judgment which annulled the finding of guilt as to charge No. 2, permitting the premises to become disorderly. There is no independent evidence in the record to indicate that the premises were disorderly, and the mere presence of one "Joker Poker" ma-

chine on the premises does not ipso facto establish evidence of permitting the premises to become disorderly. *(Matter of Plato's Cave Corp. v State Liq. Auth., supra; Matter of Penoke Rest. v State Liq. Auth., supra.)*

Since we affirm that portion of Special Term's judgment which annulled the determination with respect to charge No. 2, and the penalty imposed covered all four charges, we remand the matter to the Authority for the purpose of determining the appropriate penalty for the finding of guilt on the remaining charges. *(Matter of Penoke Rest. v State Liq. Auth., supra.)* Concur—Fein, J. P., Milonas, Kassal, Ellerin and Wallach, JJ.