■ In the Matter of Cos DEI SAN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the respondent New York State Liquor Authority, dated March 10, 1988, which imposed a penalty of suspension of petitioner Cos Dei San, Inc.'s liquor license for a period of 30 days plus a $1,000 bond forfeiture, is unanimously annulled, on the law, solely to the extent of vacating the penalty and remanding for reconsideration of said penalty, and otherwise confirmed, without costs or disbursements.

We find that there was substantial evidence presented at the statutory hearing to support the determination that petitioner suffered or permitted gambling on licensed premises, in violation of the Alcoholic Beverage Control Law, and that petitioner permitted the keeping or maintaining on the licensed premises of a video display game machine of the type prohibited under rule 36.1 (t) of the Rules of the State Liquor Authority (9 NYCRR 53.1 [t]). The "Big Apple" video game present on the premises rewards a winning poker player with the opportunity to prolong his initial play by means of playing a high-low double-up feature which is not available to one who draws a losing poker hand. Consequently, this extension of free play is "something of value" within the meaning of Penal Law § 225.00 (6) and, therefore, "gambling" within the meaning of Penal Law § 225.00 *(see, Matter of Plato's Cave Corp. v State Liq. Auth.,* 115 AD2d 426, *affd* 68 NY2d 791). By maintaining the machine on its premises, the respondent was also correct in concluding that petitioner violated 9 NYCRR 53.1 (t).

However, we find the 30-day suspension of petitioner's license and forfeiture of the $1,000 bond to be unduly severe under the circumstances. It appears that this is the first holding by any court that the "Big Apple" machine is a "gambling device". In addition, the New York City Department of Consumer Affairs, which had rescinded its approval of "Joker Poker" after *Matter of Plato's Cave Corp. (supra),*

reviewed "Big Apple" and licensed it as an approved common show game. While respondent correctly notes that the State has preempted the regulation of the sale of alcoholic beverages, certainly the action of the city department, although not controlling, is relevant on the issue of petitioner's good faith in installing the machine. In addition, the cases we have reviewed dealing with the "Joker Poker" machine have not imposed penalties as severe as that in this case *(see, Matter of Plato's Cave Corp. v State Liq. Auth., supra; Matter of MNDN Rest. v Gazzara,* 128 AD2d 781; *O'Carroll Rest. Corp. v New York State Liq. Auth.,* 125 AD2d 212). Consequently, we remand to the respondent Authority solely for reconsideration of the penalty imposed. Concur—Murphy, P. J., Kupferman, Asch and Wallach, JJ.