■ In the Matter of TURKEY'S NEST, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated April 19, 1988, which, after a hearing, found the petitioner guilty of certain misconduct, suspended its on-premises liquor license for 20 days, 10 days forthwith and 10 days deferred, and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

There is substantial evidence in the record to support the respondent's determination that the petitioner violated Alcoholic Beverage Control Law § 106 (5) by permitting the sale of liquor during prohibited hours and also violated Alcoholic Beverage Control Law § 106 (6) and rule 36.1 (t) of the Rules of the New York State Liquor Authority (9 NYCRR 53.1 [t]) by having suffered or permitted gambling and keeping a "Joker Poker" machine on its premises *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Although the testimony at the hearing with respect to the first charge of permitting the sale of liquor during prohibited hours was conflicting, the conflict was for the administrative agency to resolve and its findings should not be disturbed by this court *(see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979; *Matter of Collins v Codd,* 38 NY2d 269, 270-271). With respect to the determination sustaining the second and third charges concerning the "Joker Poker" game, it is well settled that such machines constitute gambling devices and even if the only value awarded is a free game, the keeping of such machines violates the statutory provisions regarding gambling on premises licensed for on-the-premises consumption of alcohol *(see, e.g., Matter of Plato's Cave Corp. v State Liq. Auth.,* 68 NY2d 791; *People v Herman,* 133 AD2d 377; *Matter of MNDN Rest. v Gazzara,* 128 AD2d 781). The fact that the petitioner was licensed by the New York City Department of Consumer Affairs to maintain the "Joker Poker" machine on its premises does not vitiate the respondent's finding that the petitioner permitted or suffered gambling on its premises *(see, Matter of Plato's Cave Corp. v State Liq. Auth., supra).*

In light of all the circumstances the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.