■ In the Matter of 160 BEACH PUB, INC., Petitioner, v THOMAS A. DUFFY, JR., as Chairman of the New York State Liquor Authority, Respondent.—Proceeding pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (David Edwards, J.), entered on March 27, 1989, to review a determination of respondent State Liquor Authority dated January 13, 1989, which sustained charges of permitting gambling in the form of a hi-lo double-up poker machine in the licensed premises, of keeping alcoholic beverages in containers the contents of which were not as represented on the labels affixed thereto, and of keeping liquor containers, the contents of which contained a foreign matter, and imposed a penalty of 30 days' suspension of the liquor license and a $1,000 bond forfeiture, unanimously dismissed and the determination confirmed, without costs.

The findings of the Administrative Law Judge, adopted by the State Liquor Authority, were supported by substantial evidence *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The defense of misidentification of the premises was meritless given petitioner's admissions as to the presence of the gambling device on the premises on the first date in question and its president's signed acknowledgment that liquor bottles were seized from these premises on the second date. There was also evidence that petitioner was aware that free games could be won on the coin-operated video game machine *(see, Matter of Plato's Cave Corp. v State Liq. Auth.,* 68 NY2d 791). In this matter involving multiple

specifications, the penalty imposed was not so disproportionate to the offenses as to shock one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.