■ In the Matter of 3275 BYRON AVENUE CORP., Doing Business as JONES BEACH HOTEL, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated August 25, 1988, suspending the petitioner's license for a 15-day period and imposing a $1,000 bond forfeiture, the appeal, by permission, is from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated January 6, 1989, which granted the petition to the extent of vacating the penalty and remitted the matter to the New York State Liquor Authority for the imposition of an appropriate penalty.

Ordered that the judgment is affirmed, with costs.

The petitioner pleaded "no contest" to a violation of the Alcoholic Beverage Control Law § 106 (6) by maintaining a Joker Poker machine in operation on the licensed premises. The only issue involved is whether the penalty imposed by the New York State Liquor Authority—a 15-day suspension of the petitioner's liquor license and a $1,000 bond forfeiture—is a reasonable exercise of discretion. In view of all the circumstances, including the petitioner's virtually unblemished record of compliance with the law, we find that the Supreme Court properly vacated the penalty as excessive *(see, e.g., Matter of PJP Tavern Corp. v New York State Liq. Auth.,* 152 AD2d 578; *Matter of La Cucina Mary Ann, Inc. v State Liq. Auth.,* 150 AD2d 450; *Matter of MNDN Rest. v Gazzara,* 128 AD2d 781, 782). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.