■ In the Matter of 59 CORNER CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority dated September 18, 1989, which, after a hearing, suspended the petitioner's license to sell liquor for 25 days and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law and as a matter of discretion, to the extent that the penalty imposed of a 25-day suspension of the petitioner's license is annulled, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the respondent New York State Liquor Authority for the imposition of a new penalty not to exceed a suspension of the petitioner's license for more than 10 days and the imposition of a $1,000 bond forfeiture.

The respondent's determination that the petitioner "suffered or permitted" gambling on the premises in violation of Alcoholic Beverage Control Law § 106 (6) and that it maintained a video display game on the premises in violation of 9 NYCRR 53.1 (t) is supported by substantial evidence (see, *Matter of Plato's Cave Corp. v New York State Liq. Auth.*, 68 NY2d 791; *Matter of Turkey's Nest v New York State Liq. Auth.*, 151 AD2d 683; *Matter of Cos Dei San v New York State Liq. Auth.*, 147 AD2d 370).

We conclude that the penalty, insofar as it imposed a suspension of the petitioner's license for a period of 25 days, is excessive (see, *Matter of 3275 Byron Ave. Corp. v New York State Liq. Auth.*, 161 AD2d 600; *Matter of PJP Tavern Corp. v New York State Liq. Auth.*, 152 AD2d 578). However, we decline to disturb the respondent's determination to impose a $1,000 bond forfeiture in addition to a license suspension in view of the fact that the violations involved a cash payout from a "Park Avenue" coin-operated video game on the petitioner's premises in late 1988, two years after the respondent enacted a rule which specifically prohibited the maintenance of such video display games on licensed premises (cf., *Matter of 3275 Byron Ave. Corp. v New York State Liq. Auth.*, supra; *Matter of PJP Tavern Corp. v New York State Liq. Auth.*, supra). Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.