The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, Arkansas 71901-5196
Dear Representative Parkerson:
This is in response to your request for an opinion on whether the game of "video poker is a legal activity in the State of Arkansas in light of the provisions of the state constitution pertaining to gambling."
For the reasons that follow, it is my opinion that the question of whether video poker games are constitutionally prohibited will depend upon whether their play is determined by chance alone. If so, they are prohibited by our constitution. This determination, however, will be a fact question which must be determined with reference to a particular "video poker" game. Cases from other jurisdictions appear to differ on how much skill, if any, is involved in these types of games. A recent case from another jurisdiction states that these types of "video poker" games encompass at most "the illusion of skill." Although the issue could only be decided definitively by a court presented with all the facts, a finding that the game is controlled by chance would render video poker constitutionally suspect in Arkansas.
Some clarification of terms is necessary prior to answering your question. The Arkansas Constitution, art. 19, § 14 prohibits lotteries. A "lottery" is defined as "a species of gaming, which may be defined as a scheme for the distribution of prizes by chance among persons who have paid, or agreed to pay, a valuable consideration for the chance to obtain a prize." Burks v.Harris, 91 Ark. 205, 120 S.W. 979 (1909). A lottery is a type of gambling, but not all types of gambling are lotteries. Thus, "lotteries" are prohibited by the constitution. Other types of gambling may be and are prohibited by the legislature. Seee.g. A.C.A. § 5-66-101 to -119 (1987). The legislature may not, however, authorize a "lottery," which is prohibited by the Arkansas Constitution.
Your question, as I understand it, is whether the game of "video poker" would run afoul of the Arkansas Constitution's prohibition against "lotteries." As stated above, a lottery involves three elements: 1) consideration paid 2) for a chance 3) to win a prize. I assume for purposes of your question that consideration will be paid to play the video poker and the players will have an opportunity to win a prize. The crucial element with regard to your question is the second element, whether the game involves chance. It has been stated with regard to this element that in order to constitute a lottery, it is essential that the winners be determined by "chance alone," and that the outcome be "wholly dependent upon the element of chance," and the type of betting be "completely controlled by chance." Scott v. Dunaway, 228 Ark. 943, 311 S.W.2d 305 (1958),citing Longstreth v. Cook, 215 Ark. 72, 220 S.W.2d 433
(1949). In the former case, the Arkansas Supreme Court held that greyhound dog racing was not a "lottery" because rather than being entirely controlled by chance, the player uses his skill in evaluating the physical qualities of the animals and their past records. A similar conclusion was reached in Longstreth with regard to horse racing.
The issue, therefore, of whether "video poker" is prohibited by our constitution depends upon whether the game is determined by chance alone. If skill is involved, decisions of the Arkansas Supreme Court support the proposition that the game is not a lottery. The test was stated in Scott, supra at 946 as follows:
 We do not suggest that pari-mutuel betting upon a greyhound race is a venture whose success is governed entirely by the player's judgment and skill. That is not the question, for every form of gambling involves to some extent the element of chance. The narrow issue is whether this type of betting is completely controlled by chance, in which case alone it would amount to a lottery and be forbidden by the constitution.
Although the question may therefore be one of fact which must be evaluated with reference to the precise method of play of the particular video poker game at issue, it has been held recently that video poker games involve "at most, only an illusion of skill. . . ." Score Family Fun Center, Inc. v. County of SanDiego, 225 Cal. App. 3rd 1217, 275 Cal. Rptr. 358 (1990) at 360. Other cases, while holding that the outcome of similar games "depends in a material degree upon an element of chance," note that a degree of skill plays a part in such games. In re Plato'sCave v. State Liquor Authority, 115 A.D.2d 426, 496 N.Y.S.2d 436
(1985), aff'd 68 N.Y.2d 791, 506 N.Y.S.2d 856, 498 N.E.2d 420
(1986); Garono v. State, 37 Ohio St. 3rd 171, 524 N.W.2d 496
(1988); Thole v. Westfall, 682 S.W.2d 33 (Mo. 1984).
The question of whether such games would be constitutional or unconstitutional in Arkansas, therefore, will depend, as a factual matter, on whether they are controlled by chance as that concept is defined by the Arkansas Supreme Court. Only a court, therefore, sitting as a factfinder, could resolve the issue definitively with regard to a particular "video poker" game.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh