■ In the Matter of NORTHWOOD FOODS CORP., Doing Business as NORTHWOOD DELI, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [617 NYS2d 355] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York State Liquor Authority dated July 27, 1992, which, after a hearing, cancelled the petitioner's off-premises liquor license and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, to the extent that the determination sustaining "Charge No. 2" is annulled, "Charge No. 2" is dismissed and the penalty imposed thereon is annulled, the proceeding is otherwise dismissed, and the matter is remitted to the respondent New York State Liquor Authority for the imposition of a new penalty not to exceed (1) a $1,000 bond forfeiture, and (2) a suspension of the petitioner's liquor license for not more than 30 days.

The petitioner was found to have violated section 53.1 (b) of the Rules of the State Liquor Authority (9 NYCRR 53.1 [b]) insofar as it made alleged false material statements in its 1991 renewal application for a retail beer license for off-premises consumption. In charge number one, the petitioner allegedly failed to report the arrest of a former employee for possession of gambling devices to the State Liquor Authority during the effective period of the petitioner's off-premises license. In charge number two, the petitioner allegedly failed to report a similar arrest and conviction concerning Dimitrios Mouzakitis, one of the petitioner's principals.

Pursuant to Alcohol Beverage Control Law § 110 (4) applicants for alcohol licenses must disclose, *inter alia,* whether they have ever been convicted of a felony. To ensure that renewal applications will elicit the most up to date information regarding events occurring since the filing of the original application, the Authority's renewal application form requests updated information regarding, *inter alia,* "arrests, summonses and/or convictions" since the signing of the original application. Pursuant to 9 NYCRR 53.1 (b), the making of a false material statement or the concealment of relevant facts by the applicant, constitutes grounds for revocation, cancellation or suspension of a license.

We agree with the Authority's determination insofar as it sustained charge number one. Substantial evidence was adduced supporting the conclusion that a former employee of the petitioner, Nabil Salib, was arrested for possession of a gambling device at the petitioner's premises, and that the petitioner failed to disclose this arrest on its renewal application. We note that the criminal charges against the employee were ultimately dismissed and the employee was subsequently discharged. Nevertheless, as this incident was not reported to the Authority notwithstanding the provisions of the renewal application clearly calling for its disclosure, the petitioner's nondisclosure constitutes a violation of 9 NYCRR 53.1 (b) *(see, Matter of Canada Dry Bottling Co. v O'Connell*, 284 App Div 370, *affd* 308 NY 778). However, a bond forfeiture plus a suspension of no more than 30 days is more appropriate under the circumstances *(see, Matter of 59 Corner Corp. v New York State Liq. Auth.*, 175 AD2d 282; *Matter of Irelands Own v New York State Liq. Auth.*, 165 AD2d 782; *cf., Matter of 3275 Byron Ave. Corp. v New York State Liq. Auth.*, 161 AD2d 600).

We further find the Authority's determination sustaining charge number two to be arbitrary and capricious and unsupported by substantial evidence. The evidence supported a finding that Dimitrios Mouzakitis, was also arrested on charges of possession of gambling devices and that the petitioner's renewal application failed to disclose the relevant facts. However, we agree with the determination of the Administrative Law Judge, which determination was rejected by the Authority, that pursuant to the terms of the application, disclosure was not required since the Authority had previously been notified of the charges. Inasmuch as the record amply demonstrates that the Authority proffered administrative charges against the petitioner and therefore was well aware of the facts surrounding the arrest, and since the renewal application only required disclosure of "changes of facts * * * which have not been reported to and acknowledged by the * * * Authority", no rational construction of this language could lead to the conclusion that the petitioner failed to disclose required information. Accordingly, charge number two was properly rejected by the Administrative Law Judge and improperly sustained by the Authority. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.