The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, Arkansas 75504-1835
Dear Representative Young:
You have requested an official Attorney General opinion concerning the legality of certain coin-operated machines that look like slot machines, but that pay off with coupons that are redeemable for merchandise.
You note that I discussed this type of coin-operated machine in Attorney General Opinion No. 97-353. You further note that in that opinion, I concluded that if these games involve no skill or judgment, but rather are controlled entirely by chance, they could constitute "lotteries," in violation of the Arkansas Constitution. You then state your view that these games do not involve skill or judgment. You further suggest that I find such a game and play it, in order that I might determine for myself that they do not involve skill or judgment. Finally, you request that I render an opinion as to the legality of these games, armed with the knowledge that they do not involve skill or judgment.
The question of whether the games about which you have inquired involve skill or judgment, or whether, by contrast, they are controlled entirely by chance, is a question of fact. The Attorney General is not authorized to make factual determinations. Only a court can determine whether, as a matter of fact, these games involve skill or judgment.
The Arkansas courts have not been presented with the question of whether games such as those you have described do, in fact, involve skill or judgment, or whether they are controlled entirely by chance. The decisions from other jurisdictions that have considered similar games appear to be split. For example, the Massachusetts Court of Appeals has held that "video poker" does involve skill and judgment. See Commonwealthv. Club Caravan, 30 Mass App. Ct. 561, 571 N.E.2d 405 (1991). In contrast, the California Court of Appeals has held that such games involve "at most, only an illusion of skill. . . ." Score Family FunCenter, Inc. v. County of San Diego, 225 Cal. App. 3rd 1217,275 Cal. Rptr. 358 (1990). Other courts, while holding that the outcome of similar games "depends in a material degree upon an element of chance," note that a degree of skill plays a part in such games. SeeIn re Plato's Cave v. State Liquor Authority, 115 A.D.2d 426,496 N.Y.S.2d 436 (1985), aff'd68 N.Y.2d 791, 506 N.Y.S.2d 856, 498 N.E.2d 420 (1986); Garono v. State,37 Ohio St. 3rd 171, 524 N.W.2d 496 (1988); Thole v. Westfall, 682 S.W.2d 33
(Mo. 1984). For an example of one court's detailed consideration of whether various games constitute "lotteries," see Harris v. MissouriGaming Commission, 869 S.W.2d 58 (Mo. 1994). The variations in the outcomes of these cases indicates that the issue is by no means clear.
For the reasons stated above, I am unable to render the unqualified opinion that you request. The matter must await judicial determination.
The foregoing discussion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh