The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, Arkansas 72076-0156
Dear Senator Gwatney:
This official Attorney General opinion is rendered in response to a question you have raised concerning the legality of certain coin-operated games. More specifically, you have asked:
 Are coin-operated games legal if they pay off in coupons that are redeemable for merchandise?
I have recently addressed this question in several opinions, one of which you referenced in your correspondence, Op. Att'y Gen. No. 97-353. Seealso Ops. Att'y Gen. Nos. 98-107; 98-077. In each of those opinions, I have explained that the answer to this question requires determinations of fact that this office is not authorized to make. I therefore cannot opine definitively in response to your question. Nevertheless, I will set forth the parameters of the applicable law for your consideration.
Under the provisions of A.C.A. § 26-57-401 et seq., certain types of "amusement devices" are deemed not to violate the criminal anti-gambling laws. (See A.C.A. § 5-66-101 et seq.) "Amusement device" is defined by these statutes as follows:
 (1) "Amusement devices" means any machine, device, or apparatus which provides amusement, diversion, or entertainment which is coin-operated and includes, but is not limited to, such games as radio rifles, miniature football, golf, baseball, hockey, bumper, tennis, shooting galleries, pool tables, bowling, shuffleboard, pinball tables, marble tables, music vending phonographs, jukeboxes, cranes, video games, claw machines, bowling machines, console machines, pusher machines, novelty arcade machines, other similar musical devices for entertainment, and other miniature games, whether or not such machines show a score, and which is not otherwise excluded in this subchapter;
A.C.A. § 2657-402(1).
Under A.C.A. § 26-57-402, it is permissible for "amusement devices" to pay winners in
 noncash prizes, toys, novelties, or representations of value redeemable for those items which are won by the player of a bona fide amusement game or device which rewards players exclusively with merchandise limited to such noncash prizes, toys, novelties, or representations of value redeemable for those items, which have a wholesale value of not more than ten (10) times the cost charged to play the game or device once, or five dollars ($5.00), whichever is less.
A.C.A. § 26-57-402(2)(a)(ii).
The following limitation is also stated:
 (B) In the event of accumulation of redeemable representations of value by any player, no noncash prize having a wholesale value of more than fifty dollars ($50.00) may be given or awarded by any amusement machine operator or redeemed by any player;
A.C.A. § 26-57-402(2)(B).
The question of whether the coin-operated games about which you have inquired are "legal" within the meaning of A.C.A. § 26-57-401 et seq. is a question of fact that the Attorney General is not authorized to determine. Only a court can make that determination. If, as a factual matter, it can be established that these games fall within the statutory definition of "amusement devices," set forth above, and that they do, in fact, pay winners in tickets that are within the statutory value limitations, it could then be concluded that the games are permissible under the provisions of A.C.A. § 26-57-401 et seq.
However, another issue is whether these coin-operated games constitute "lotteries" in violation of the Arkansas Constitution, Article 19, § 14. Under the Arkansas Supreme Court's long-standing interpretation of the constitutional prohibition against lotteries, a game or scheme constitutes a "lottery" if the following three elements are present: (1) Consideration is paid to play or participate; (2) Playing or participating creates the chance to win a prize; and (3) The game is controlled entirely by chance, and winning is not influenced by the player's skill or judgment. See Scott v. Dunaway, 228 Ark. 943,311 S.W.2d 305 (1958); Shuffield v. Raney, 226 Ark. 3, 287 S.W.2d 588
(1956); Burks v. Harris, 91 Ark. 205, 120 S.W. 979
(1909).
The question of whether a particular game possesses the above-listed elements is, again, a question of fact that the Attorney General is not authorized to determine, and that can only be officially determined by a court.
Although it could be readily determined whether the first two elements are present in a particular game, the question of whether games such as those you have described involve skill or judgment, or whether they are completely controlled by chance, is a more difficult question. The Arkansas courts have not been presented with this question. The decisions from other jurisdictions that have considered similar games appear to be split. For example, the Massachusetts Court of Appeals has held that "video poker" does involve skill and judgment. See Commonwealth v. ClubCaravan, 30 Mass App. Ct. 561, 571 N.E.2d 405 (1991). In contrast, the California Court of Appeals has held that such games involve "at most, only an illusion of skill. . . ." Score Family Fun Center, Inc. v. Countyof San Diego, 225 Cal. App. 3rd 1217, 275 Cal. Rptr. 358 (1990). Other cases, while holding that the outcome of similar games "depends in a material degree upon an element of chance," note that a degree of skill plays a part in such games. See In re Plato's Cave v. State LiquorAuthority, 115 A.D.2d 426, 496 N.Y.S.2d 436 (1985), aff'd 68 N.Y.2d 791,506 N.Y.S.2d 856, 498 N.E.2d 420 (1986); Garono v. State,37 Ohio St. 3rd 171, 524 N.W.2d 496 (1988); Thole v. Westfall, 682 S.W.2d 33
(Mo. 1984). For an example of one court's consideration of whether various games constitute "lotteries," see Harris v. Missouri Gaming Commission,869 S.W.2d 58 (Mo. 1994). The variations in the outcomes of these cases indicates that the issue is by no means clear.
If, as a factual matter, it can be established through the presentation of evidence that the coin-operated games about which you have inquired can be won through the player's exercise of skill or judgment, and if a court makes such a determination, the games would not, as a matter of law, fall within the Arkansas Supreme Court's current interpretation of a "lottery." However, if it is established factually that these games are completely controlled by chance and do not involve the use of skill or judgment, they could be held to violate the constitutional prohibition against lotteries. This could be the outcome notwithstanding the fact that the games may be permissible under the provisions of A.C.A. §26-57-402.[1]
Thus, the question of whether these games are "legal" is a question that cannot be answered absent certain factual determinations that must be made by a court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that the statutes codified at A.C.A. § 26-57-401et seq. have not been subjected to a constitutional challenge, and are entitled to a presumption of constitutionality. Quinn v. Webb WheelProds., 59 Ark. App. 272, 277, ___ S.W.2d ___ (1997); Golden v. WestarkCommunity College, 58 Ark. App. 209, 948 S.W.2d 108 (1997); Arnold v.Kemp, 306 Ark. 294, 813 S.W.2d 770 (1991); Urrey Ceramic Tile v. Mosley,304 Ark. 711, 805 S.W.2d 54 (1991).