John Connor, Jr. Informal Opinion City Attorney No. 2005-10 City of Hudson 11 South 4th Street P.O. Box 427 Hudson, New York 12534
Dear Mr. Connor:
You have asked whether the receipt by a City alderman of contributions to pay the expenses of a lawsuit brought in his official capacity against another city official is subject to the limitation on the receipt of gifts in General Municipal Law §805-a, and whether the City alderman is required to disclose the receipt of any such contributions.
You have recited that a City alderman commenced a C.P.L.R. Article 78 proceeding against the City mayor, challenging the appointment of a City supervisor to the position of City youth commissioner. Although your letter indicates that the proceeding was brought by the alderman in his official capacity, both the petition and a subsequent conversation with you show some ambiguity in whether the proceeding was actually brought by him in his individual capacity. The basis for the proceeding was that the appointment resulted in one individual holding more than one city office, a condition prohibited by the City charter. It was subsequently reported that the alderman was offered and accepted funds from individuals to pay the legal fees incurred by him in pursuing that litigation. The alderman has declined to disclose who gave him funds or what amounts were given.
I. Proceeding Brought in Official Capacity
If the proceeding was brought by the alderman in his official capacity, he may seek reimbursement of his legal expenses from the City. Notwithstanding lack of specific statutory authority, a municipal officer possesses implied authority to employ counsel in the good faith prosecution of an action undertaken in the public interest and in conjunction with his official duties where the municipal attorney refused to act, or was incapable of or disqualified from acting. Cahn v. Town of Huntington,29 N.Y.2d 451, 455 (1972);_see also Op. Att'y Gen. (Inf.) No. 2002-4 (individual board member is not eligible for reimbursement of legal fees incurred in commencing proceeding pursuant to the Open Meetings Law against municipality because commencement of such a suit is not part of the member's official duties). A lawsuit commenced in a public officer's official capacity that is privately financed may, depending on the circumstances, create a conflict of interest or the impression that the public officer is working to protect, or at the behest of, those private interests. Even the appearance of impropriety must be avoided to maintain public confidence in government. We do not have sufficient facts regarding the contributions received by the alderman to determine whether a conflict of interest or an appearance of impropriety was created here, and thus offer no opinion with respect to this issue. In any event, such a determination is more properly made by local officials who are familiar with local conditions and facts.[1]
II. Donations for Legal Expenses as "Gifts"
Assuming that the proceeding was brought by the alderman in his individual capacity, we now consider your question. General Municipal Law § 805-a provides, in relevant part, that
 [n]o municipal officer or employee shall: a. directly or indirectly, solicit any gift, or accept or receive any gift having a value of seventy-five dollars or more, . . . under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part[.]
General Municipal Law § 805-a(1)(a). In addition to any penalty contained in any other provision of law, a person who knowingly and intentionally violates section 805-a may be fined, suspended, or removed from office or employment in the manner provided by law. Id. § 805-a(2).
Before the City inquires further into the circumstances of the donations given to the alderman, you have requested this opinion to assist in determining whether the situation described above falls within the parameters of section 805-a. We conclude that as a matter of law, donations given to pay legal fees incurred by an individual alderman in bringing a proceeding against another city official are considered "gifts" under General Municipal Law §805-a.
General Municipal Law § 805-a provides no definition of "gift," nor is a definition to be found within Article 18, within which section 805-a is located. We believe that the term "gift" was intended to be read broadly.[2]
Applying the principle of statutory construction that statutes inpari materia (statutes that relate to the same subject) are to be construed similarly unless a contrary intent is clearly expressed by the Legislature, see In re Plato's Cave v. State LiquorAuthority, 68 N.Y.2d 791, 793 (1986), General Municipal Law § 812, also part of Article 18, provides support for the conclusion that funds received for legal expenses are to be considered "gifts" for purposes of section 805-a. Section 812 provides the format of the annual financial disclosure form to be filed by certain municipal officers and employees and requires the reporting of "gifts" received in excess of $1000. Id. § 812(5)(9). In describing what is to be reported as a gift, section 812 provides an indication of what is not a "gift", "reimbursements"[3] and "campaign contributions" are not to be reported as "gifts." See id. The exclusion from the definition of "gift" of reimbursements can be explained by the need for mandated individuals to report the receipt of reimbursements in excess of $1000 elsewhere on the financial disclosure form. See id. § 812(5)(10). For like reason, "campaign contributions" are not included in the definition of "gifts" in section 812. See Election Law Article 14; DiLucia v.Mandelker, 110 A.D.2d 260 (1st Dep't 1985); aff'd, 68 N.Y.2d 844
(1986) (political contributions are not gifts subject to city code prohibition on receipt of gifts by public officials); Dunlop Dev.Corp. v. Spitzer, No. 102129/04 (N.Y. Co. Sup. Ct. Oct. 25, 2004) (campaign contributions are not gifts subject to prohibition on receipt of gifts by state officers and employees). We are not aware of any state statute that would require the disclosure of the receipt of funds for legal fees if they are not considered "gifts" under section 812, and thus believe that such funds are considered "gifts" for purposes of section 812, and thus also for purposes of section 805-a.
Moreover, we see no reason to read the term "gift" in section 805-a not to include donations received for legal expenses. This conclusion is consistent with the policy behind provisions such as General Municipal Law § 805-a. Excluding funds for legal fees from "gifts" subject to the restrictions of section 805-a would, we believe, undermine the public confidence in government that is sought by codified ethics provisions such as section 805-a. See Mark Davies, Governmental Ethics Laws: Myths and Mythos, 40 N.Y. L. Sch. L. Rev. 177, 177-78 (1995) ("The primary purpose of governmental ethics laws is to improve honesty and integrity in government. . . . [T]he perception of integrity in government is no less important than the reality of integrity in government. Both are essential because regardless of how honest public officials are in fact, a democratic system of government cannot function properly if the public believes its officials are corrupt."). Such an exclusion would eviscerate the purpose of section 805-a by creating an exception to the restrictions on receiving gifts that could easily be abused, or be perceived as being abused, by government officers and employees.
Our conclusion that donations received by a municipal officer to pay legal fees incurred in pursuing a court proceeding against another city official are "gifts" subject to the restrictions of section 805-a is consistent with the treatment of such funds under similar federal ethical standards. The federal Office of Government Ethics, in considering whether donations from private individuals to pay the legal expenses incurred by an employee of the federal government engaged in a dispute with his employing agency, has concluded that the employee must comply with applicable regulations regarding the receipt of gifts. See Op. Office of Gov't Ethics 85x19. That office specifically indicated as relevant a provision similar to General Municipal Law § 805-a.[4]Id.; see also Op. Office of Gov't Ethics 93x21 (donations of such funds are "in the nature of gifts" and recipient employee must comply with applicable standards of conduct regulations regarding receipt of outside gifts).
We therefore conclude that as a matter of law, donations given to pay legal fees incurred by an individual alderman in bringing a proceeding against another city official can be considered "gifts" under General Municipal Law § 805-a. We note that section 805-a's prohibitions apply specifically to circumstances where "it could reasonably be inferred that the gift was intended to influence [a municipal officer or employee], or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part[.]" Id. § 805-a(1)(a). We do not address whether any particular gift received by the alderman meets that standard. We recommend that you review Opinion Number 94-16 of the State Ethics Commission for a discussion of the criteria relevant to such a determination under Public Officers Law § 73(5), a provision which is virtually identical to General Municipal Law § 805-a(1)(a) and applies to state officers and employees.
III. Disclosure of Gifts Received
You have inquired whether, if we conclude that donated legal funds constitute "gifts" subject to the prohibitions of General Municipal Law § 805-a, the alderman must disclose them.
General Municipal Law § 806(1)(a) mandates that the City adopt a code of ethics. You have indicated that the City adopted General Municipal Law Article 18 as its code of ethics.[5] We thus limit our discussion to Article 18.[6]
General Municipal Law Article 18 provides no mechanism for reporting gifts of less than $1000. Gifts of $1000 or more are to be reported in the annual financial disclosure form provided in General Municipal Law § 812. The alderman is required to complete and file the financial disclosure form. See General Municipal Law § 812(1)(a). The deadline for filing the annual disclosure for the preceding year, with some exceptions, is May 15. General Municipal Law § 812(1)(a).
If an individual knowingly and willingly fails to file an annual statement of financial disclosure or knowingly and willingly with intent to deceive gives information which the individual knows to be false on the statement, he is subject to a civil penalty of up to $10,000 or prosecution for committing a class A misdemeanor.Id. § 812(6). We have no facts regarding when or in what amount donations were made and thus offer no opinion as to whether a reporting violation has occurred.
In summary, for the reasons discussed above, we are of the opinion that donations given to a city alderman to pay the legal expenses he incurred by bringing a legal proceeding in his individual capacity against another city official are "gifts" subject to the restrictions of General Municipal Law § 805-a. Pursuant to General Municipal Law § 812, failure to disclose information regarding gifts of $1000 or more would subject the alderman to civil or criminal penalties.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD
Assistant Solicitor General
In Charge of Opinions
[1] You have indicated that the City does not have a board of ethics. The City may wish to establish one pursuant to General Municipal Law § 808(3) to consider such questions. See Op. Att'y Gen. (Inf.) No. 2002-9.
[2] The legislative history to section 805-a does not indicate how "gift" was intended to be defined.
[3] For purposes of the financial disclosure form, the term "reimbursements" means "any travel-related expenses provided by nongovernmental sources and for activities related to the reporting individual's official duties such as, speaking engagements, conferences, or factfinding events." General Municipal Law § 812(5)(10).
[4] The Office of Government Ethics quoted the following language of section 201(a) of Executive Order 11222:
 [N]o employee shall . . . accept, directly or indirectly, any gift, gratuity, favor, entertainment, loan, or any other thing of monetary value, from any person, corporation, or group which —
 (1) has, or is seeking to obtain, contractual or other business or financial relationships with his agency;
 (2) conducts operations or activities which are regulated by his agency; or
 (3) has interests which may be substantially affected by the performance or nonperformance of his official duty.
[5] A municipality need not limit itself to the provisions of Article 18 in its adoption of a code of ethics. General Municipal Law § 806 envisions adoption of ethics provisions tailored to the needs of the municipality: in addition to providing standards for officers and employees with respect to disclosure of interest in legislation before the local governing body, holding of investments in conflict with official duties, private employment in conflict with official duties, and future employment, the code must also include "such other standards relating to the conduct of officers and employees as may be deemed advisable." General Municipal Law § 806(1)(a). The code may regulate conduct that is not expressly prohibited by Article 18. Id. The City in this manner could create its own mechanism for the disclosure of gifts. In addition, the City could establish a board of ethics, see
General Municipal Law § 808(3), and grant it the authority to enforce the code of ethics, see Op. Att'y Gen. (Inf.) No. 91-68.
[6] Local law may establish some other procedure for compelling disclosure. We are in no position to comment on such local provisions.