In the Matter of ANTHONY ITALIANO, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.

Fourth Department, January 14, 1971.

*Fein & Silberbush* (*A. Albert Fein* of counsel), for petitioner. *Joseph J. Micare* and *Eli Ratner* for respondent.

WITMER, J. In this article 78 proceeding petitioner seeks review and annulment of the determination of respondent, State

Liquor Authority (Authority), suspending his restaurant license for a period of 10 days and requiring payment of his $1,000 bond as penalty for alleged violation on February 28, 1969 of subdivision 3 of section 106 of the Alcoholic Beverage Control Law. That subdivision prohibits sale of liquor under a license such as involved herein for consumption off the licensed premises. We hold that the petition should be granted, the determination annulled and the charge against petitioner dismissed as founded upon an improper theory of law and upon insufficient evidence as a matter of law, and hence as arbitrary and capricious.

The Authority charged petitioner with serving drinks to customers at his bar and permitting them to walk out the front door of the premises, between 1:00 o'clock A.M. and closing time on February 28, 1969, and stand on the sidewalk and engage in loud talk, yell and swear at passing motorists, and throw their glasses and return to the bar for further drinks. We believe that the above conduct is not within the purview of subdivision 3 of section 106 of the Alcoholic Beverage Control Law. This subdivision is intended to forbid, as it very plainly states, the sale of liquor for off-premises consumption. The sale of liquor by the case or in bottles for carry-out and consumption off the premises was unquestionably the conduct and mischief meant to be proscribed. Undoubtedly, carrying a tray of drinks out of the premises to serve on another premises would also violate this subsection. The activity herein charged, however, was not of that character. A charge of this nature might be made under subdivision 6 of section 106 of the Alcoholic Beverage Control Law for suffering the premises to become disorderly. Since no charge against the licensee was made under subdivision 6, and the evidence does not support the charge under subdivision 3, the determination should be vacated and the charge against petitioner dismissed. To uphold the charge by the Authority under subdivision 3 only serves to becloud the interpretation of a clearly worded statute, in circumstances where the interpretation requested is completely unnecessary and serves no public purpose.

Moreover, it appears as a matter of law that the proof in support of the charge is completely incredible and that the determination, therefore, was arbitrary and capricious and should be vacated and the charge dismissed.

The Authority's case rests solely on the testimony of Officer Domres. If he made notes of his observations on February 28, 1969, they were not available to him when he testified at the hearing on January 27, 1970. When his observations came to

the attention of the Authority does not appear. At any rate, it was not until petitioner sought renewal of his license six months later, that he was apprised of his alleged infraction. Admittedly, petitioner was not on the premises at the critical time on February 28, 1969, but his manager was there and in charge. If petitioner's patrons acted that night as charged, it is unexplained why arrests were not made and warnings given to the patrons and to petitioner and his manager. Certainly any competent officer, in a case of such alleged occurrences, would have intervened to stop such conduct. In addition, if such conduct were of a character to be reached under subdivision 3 of section 106, surely there would be evidence of repeated instances of that nature, and no evidence or claim of other similar conduct was presented.

As noted, for six months neither petitioner nor his manager was advised of the alleged violation. In the meantime, petitioner arranged to acquire a different location for his business, and the Authority later consented to transfer the license to the new site upon condition that at the new site petitioner would remain subject to this charge against him. Incredibly, however, petitioner's former manager was granted a license to continue a similar business of his own at the premises of the alleged violation. Since petitioner was not present on February 28, 1969 but the manager was, the manager, it seems, would be the one immediately responsible for the alleged misconduct. Yet, the Authority saw fit to license him without questioning him about the alleged misconduct of February 28, 1969. That raises grave doubts concerning the substance and validity of the charge against petitioner.

The manager and petitioner denied the charge and testified that nothing of that character ever occurred on or in front of said premises, and they supported the denial with the assertion that they would hardly permit patrons to destroy their property by throwing and breaking the glasses; that no unusual amount of glassware was purchased in 1969; and that they never knew of such alleged conduct until the Authority charged them with it six months later. The officer testified that he did not know and could not identify nor describe any of the offending patrons; and at the time the Authority notified petitioner of the charge, neither petitioner nor his manager could determine who were in the premises on the night in question. Thus, the Authority's laches makes it impossible for the licensee to produce witnesses concerning the charge; and this should bar the Authority from making it. Moreover, the refusal of the officer to reveal from what position he made his observations and the

names of the persons present with him at the time, so that petitioner could test the truth of his testimony, is further reason for refusing to credit it. The ruling of the hearing officer, refusing to require Officer Domres to reveal the foregoing, denied petitioner a fair hearing (*Matter of 245 Elmwood Ave.* v. *New York State Liq. Auth.,* 14 A D 2d 393, 395–396, affd. 11 N Y 2d 980).

There is not a scintilla of credible evidence in this record to support the determination, and hence there is no lawful basis for the charge (see *Matter of Case,* 214 N. Y. 199, 203); and it should not be permitted to stand.

GOLDMAN, P. J., MARSH, MOULE and HENRY, JJ., concur.

Determination unanimously annulled with costs and charge dismissed.