■ JOSEPH J. GILLETTE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: Acting as an agent for the police, a minor, 18 years of age, purchased beer from a bartender at petitioner's bar. Fourteen months later, the State Liquor Authority commenced this administrative proceeding accusing petitioner of selling alcoholic beverages to a minor. We reject petitioner's contention that the proceeding should have been dismissed because of the Authority's delay in instituting the proceeding. "[W]henever a delay in an administrative adjudication significantly or delib-

erately interferes with a party's capacity to prepare or to present his case, the right to due process has been violated." *(Matter of O'Keefe v Murphy,* 38 NY2d 563, 568.) Here, petitioner has failed to show that the delay was either deliberate or that it significantly prejudiced his case.

At the hearing, the witness for respondent described the bartender from whom he purchased the beer as a female with blonde hair. Petitioner admitted that he had in his employ at that time a female bartender with blonde hair, yet he failed to call her as a witness. Thus, petitioner did not show that he was unable to ascertain the identity of the witness to the incident (the bartender) *(cf., Matter of Italiano v State Liq. Auth.,* 35 AD2d 455) and he did not show that the witness might have been in a position to give testimony favorable to petitioner if the proceeding had been instituted sooner, but suffered a loss of memory because of the delay.

Additionally, we find that the determination was supported by substantial evidence. (Article 78 proceeding transferred by order of Supreme Court, Herkimer County, O'Donnell, J.) Present—Dillon, P. J., Denman, Boomer, Green and Lawton, JJ.