■ In the Matter of 3902 Long Beach Road, Inc., Petitioner, v New York State Liquor Authority, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated March 30, 1988, which, after a hearing, suspended the petitioner's liquor license for 40 days, 15 days forthwith and 25 days deferred.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of vacating the penalty imposed; the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent for imposition of a new penalty in accordance herewith.

Following an administrative hearing, the respondent New York State Liquor Authority adopted the findings of its Hearing Officer and determined that the petitioner committed a violation of Alcoholic Beverage Control Law § 65 (1) in that it sold, delivered or gave away or permitted to be sold, delivered, or given away alcoholic beverages to three persons under the age of 19 on September 9, 1984. We find the respondent's determination that the petitioner sold alcoholic beverages to three individuals who were 18 years of age on September 9, 1984, to be supported by substantial evidence *(see,* CPLR 7803 [4]). Although conflicting evidence was adduced at the hearing as to whether the individuals did present some sort of false identification, the respondent's assessment of the credibility of the witnesses and the inferences to be drawn from the evidence presented are conclusive where supported by substantial evidence *(see, Matter of Di Maria v Ross,* 52 NY2d 771, 772; *Matter of Avon Bar & Grill v O'Connell,* 301 NY 150).

The petitioner contends that this disciplinary proceeding was barred by the Statute of Limitations and laches. We disagree. Alcoholic Beverage Control Law § 118, the applicable Statute of Limitations, provides that disciplinary proceedings may be brought for violations during the prior licensing period. Alcoholic Beverage Control Law § 67 was amended to provide that, effective April 1, 1983, licensing terms are for three-year periods. Thus, while at the time of the incident the petitioner had a one-year license, its renewal license commencing March 1, 1985, was in effect through February 29, 1988, making the July 21, 1987, commencement of the disciplinary proceeding timely. We reject the petitioner's contention that the licensing period in effect at the time of the incident should control the limitations period. At the time of the incident, September 9, 1984, and at the time the petitioner renewed its license, March 1, 1985, the petitioner had notice of the longer renewal period. Moreover, in the absence of an amendment to Alcoholic Beverage Control Law § 118 indicating that the licensing period in effect at the time of an alleged violation should control the limitations period, the plain meaning of the section must control. In addition, the three-year lapse between the incident and the proceeding did not amount to laches. The petitioner was promptly notified of the alleged violation and had an opportunity to secure witnesses and present its case *(cf., Matter of Italiano v State Liq. Auth.,* 35 AD2d 455).

While we confirm the respondent's finding, the penalty imposed, the maximum under the respondent's guidelines, is

disproportionate to the offense in light of all the circumstances. The respondent's imposition of the maximum penalty is unwarranted as there is no indication that the petitioner has had a recurrent problem with drinking by underaged persons. There was testimony that the petitioner does regularly check identification. Moreover, the petitioner's prior violation was of a different and less serious nature. We find that the imposition of a penalty which is less than the maximum under the respondent's guidelines is more appropriate. Accordingly, we remit the matter to the respondent for reconsideration of the penalty to be imposed (see, Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874; Matter of E.J.A. Beverages v New York State Liq. Auth., 103 AD2d 846). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.