■ In the Matter of REAL BONHOMME et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [634 NYS2d 241] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which, *inter alia*, revoked petitioners' liquor license.

Petitioners were cited by respondent for permitting Brownell's Grill (hereinafter the bar) to become disorderly by suffering the occurrence of noise on July 30, 1993 and August 8, 1993 which adversely affected the health and welfare of neighboring inhabitants in violation of Alcoholic Beverage Control Law § 106 (6). It was also alleged that on August 8, 1993 petitioner also violated Alcoholic Beverage Control Law § 106 (3) by selling liquor and/or wine for consumption off the premises.

During the hearing before an Administrative Law Judge (hereinafter ALJ) on respondent's notice of pleading against petitioner to cancel or revoke the bar's license, three neighbors testified that live music emanating from the bar on the two occasions was loud and disturbing, making sleep impossible. These complaints were verified by Investigator Thomas Pascucci, who conducted inspections of the premises on the two occasions in response to persistent complaints made by Darby Cronin. Pascucci indicated that on both occasions the windows and doors of the premises remained open in contradiction of an agreement respondent had with petitioners, reached in June 1993 during a warning interview. Pascucci determined that the volume of noise was loud and annoying on both occasions. Tapes submitted to the court, taken from the area of Cronin's property, recorded the noise level of the music. Other neighbors, who testified on behalf of petitioners and who lived in closer proximity to the bar than those testifying for respondent, indicated that the music's volume was not excessive and did not interfere with their enjoyment of their homes.

The August 8, 1993 event was extraordinary in that it was a community benefit staged at the bar on behalf of a family who had lost a parent by drowning. The bar, as a result, was extremely crowded, all the windows and doors were open because of the warm day. Pascucci testified that he observed people in the parking lot who exited the bar and brought their drinks out with them during the musical intermission. As a test, he purchased a mixed drink and exited the premises without being stopped by the doorman. He noted that the volume of noise was such that day as to be an annoyance.

The ALJ found that the record contained substantial credible evidence to sustain the charges. As a result of the ALJ's findings, respondent revoked petitioners' license for a minimum of two years and imposed a bond claim in the amount of $1,000. Petitioners challenged the determination in a CPLR article 78 proceeding which was transferred by Supreme Court to this Court.

Petitioners contend that the 11-month delay in initiating proceedings against them has significantly prejudiced their case in that they could not produce witnesses regarding the July 30, 1993 complaint. The passage of time, standing alone, does not serve as a basis for judicial intervention into an administrative proceeding (*see, Matter of Cortland Nursing Home v Axelrod*, 66 NY2d 169, 177, *cert denied* 476 US 1115). We note that the delay here was not a deliberate act by respondent, nor is there proof to that effect in the record. We find too that petitioners have failed to show that witnesses would have been able to give favorable testimony as to July 30, 1993 if the proceeding had been commenced sooner but suffered loss of memory because of the delay (*see, Gillette v New York State Liq. Auth.*, 149 AD2d 927, 928). We thus conclude that the delay in instituting this administrative proceeding against petitioners was not unreasonable.

Petitioners next urge that the alleged violations of disorderly conduct were not supported by substantial evidence. We reject this argument as meritless. The record reveals substantial evidence to support respondent's determination.

Petitioners contend that the record is insufficient to support a violation of Alcoholic Beverage Control Law § 106 (3). Petitioners, relying on *Matter of Italiano v State Liq. Auth.* (35 AD2d 455), argue that the statute proscribes the sale of liquor by the case or in bottles for carry-out and consumption off the premises and that testimony as to the events of August 8, 1993 did not establish a violation of the statute.

An administrative agency's interpretation of the statute is entitled to the greatest weight, if rational and supported by substantial evidence (*see, Matter of Tommy & Tina v Department of Consumer Affairs*, 95 AD2d 724, *affd* 62 NY2d 671). While we concur with the interpretation of the statute as proscribing any sale of liquor for consumption off the premises, we conclude that the ALJ's finding as to a violation of the statute in the instant circumstances is not supported by substantial evidence. The August 8, 1993 civic benefit, run at the bar, brought out an unexpectedly large and sympathetic crowd. The exceedingly hot day and congestion of people in the bar

caused some of the customers to seek air outside the bar during a break in the music. In doing so, several carried out their drinks to the parking lot. Though the doors were manned by volunteers who had been instructed not to allow anyone out carrying liquor, they failed to do so. Notwithstanding these circumstances, we do not find that a violation of Alcohol Beverage Control Law § 106 (3) occurred. Instead the circumstances indicate the general disorderliness of the premises.

We also concur with petitioners' contention that the two-year revocation of their license was disproportionate to the violation and constituted an abuse of discretion. Though petitioners did allow the bar to become disorderly and failed to follow the measures imposed upon it to decrease the volume of noise, these acts are offset by the fact that this bar has existed at the same location since the 1920s without any serious transgressions, by the nature of the August 8, 1993 event where the sheer number of the crowd was out of the ordinary to the usual operation of the bar and, finally, because the effort to close the bar is not the result of an enraged community but rather the action of one neighbor whose presence in the community is of recent vintage.

Crew III, Casey and Spain, JJ., concur.

Yesawich Jr., J. (concurring in part and dissenting in part). The testimony provided by the investigator constitutes substantial evidence to support respondent's determination that petitioner violated Alcoholic Beverage Control Law § 106 (3). Nevertheless, on the record I find the penalty imposed to be excessive, and concur that the matter should be remitted for reconsideration of the appropriate sanction.

Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioners in violation of Alcoholic Beverage Control Law § 106 (3) and by annulling the penalty imposed; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.