■ In the Matter of STAR ENTERPRISES, INC., et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [669 NYS2d 924] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority dated September 20, 1996, made after a hearing, which cancelled the liquor license of the petitioner Star Enterprises, Inc., and prohibited the sale of alcoholic beverages on the premises of the petitioner Trilogy, Inc., for a two-year period.

Adjudged that the petition is granted, on the law, to the extent that the provisions imposing a penalty of cancellation of the liquor license of the petitioner Star Enterprises, Inc., and prohibiting the sale of alcoholic beverages on the premises of the petitioner Trilogy, Inc., for a two-year period are deleted; as so modified, the determination is confirmed, without costs or disbursements, and the matter is remitted to the respondent for the imposition of a new penalty not to exceed a 90-day license suspension.

The petitioners urge that the alleged violations were not

supported by substantial evidence. This contention is without merit. The record reveals substantial evidence to support the respondent's determination.

However, we find the penalty imposed to be excessive to the extent indicated (*see, Matter of 7th Ave. & Grove St. Corp. v New York State Liq. Auth.,* 215 AD2d 107; *Matter of Bonhomme v New York State Liq. Auth.,* 221 AD2d 882; *Quintard Assocs. v New York State Liq. Auth.,* 57 AD2d 462).

The petitioners' remaining contention is without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.