Matter of B.P. Global Funds, Inc. v New York State Liq. Auth. (2019 NY Slip Op 01032)





Matter of B.P. Global Funds, Inc. v New York State Liq. Auth.


2019 NY Slip Op 01032


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1245 TP 18-00664

[*1]IN THE MATTER OF B.P. GLOBAL FUNDS, INC., DOING BUSINESS AS THE NEW OZONE, PETITIONER,
v
NEW YORK STATE LIQUOR AUTHORITY, RESPONDENT. 






JUSTIN S. WHITE, WILLIAMSVILLE, FOR PETITIONER.
CHRISTOPHER R. RIANO, GENERAL COUNSEL, NEW YORK STATE LIQUOR AUTHORITY, NEW YORK CITY (JAIME C. GALLAGHER OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John F. O'Donnell, J.], entered April 16, 2018) to annul a determination of respondent. The determination, inter alia, canceled the liquor license of petitioner. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by vacating the penalty insofar as it cancelled petitioner's liquor license, and as modified the determination is confirmed without costs and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul a determination of respondent that found petitioner in violation of various provisions of the Alcoholic Beverage Control Law and, among other penalties, cancelled petitioner's liquor license. Contrary to petitioner's contention, when reviewing this administrative determination made after a hearing required by statute or law, the standard of review applied by this Court is whether the determination is supported by substantial evidence (cf. Matter of Pierino v Brown, 281 AD2d 960, 960 [4th Dept 2001]; see generally Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). It is well settled that a "record contains substantial evidence to support an administrative determination when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof" (Matter of Bounds v Village of Clifton Springs Zoning Bd. of Appeals, 137 AD3d 1759, 1760 [4th Dept 2016] [internal quotation marks omitted]). "[O]ften there is substantial evidence on both sides of an issue disputed before an administrative agency . . . Where substantial evidence exists to support a decision being reviewed by the courts, the determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018] [internal quotation marks omitted]). Thus, where there is conflicting evidence, the administrative agency has discretion to weigh the evidence and make a determination based thereon, and the courts will not reject a determination that is supported by substantial evidence (see Bounds, 137 AD3d at 1760).
Here, contrary to petitioner's contention, substantial evidence supports respondent's determination that petitioner's employees violated Alcoholic Beverage Control Law § 106 (15) by, inter alia, impeding respondent's investigation (see Matter of Surf City Enters. of Syracuse, Inc. v New York State Liq. Auth., 96 AD3d 1458, 1459 [4th Dept 2012]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Petitioner's further contention that respondent acted irrationally in charging it with violating Alcoholic Beverage Control Law § 106 (12) based on petitioner's failure to maintain employment and [*2]payroll records "is not properly before us because petitioner[] failed to raise it at the administrative level and thus failed to exhaust [its] administrative remedies with respect to" that contention (Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret, 286 AD2d 906, 908 [4th Dept 2001]).
We agree, however, with petitioner that the cancellation of its liquor license is a penalty "so disproportionate to the offense as to be shocking to one's sense of fairness" (Pell, 34 NY2d at 237). Although petitioner's record indicates previous infractions, we conclude that, "[u]nder all the circumstances of this particular violation . . . the cancellation of petitioner's license was too severe a penalty" (Matter of Corey v State Liq. Auth., 34 AD2d 1094, 1095 [4th Dept 1970]; see Matter of Star Enters. v New York State Liq. Auth., 248 AD2d 623, 624 [2d Dept 1998]; see generally Matter of Shore Haven Lounge v New York State Liq. Auth., 37 NY2d 187, 190-191 [1975]). We therefore modify the determination and grant the petition in part by vacating the penalty insofar as it cancelled petitioner's liquor license, and we remit the matter to respondent for imposition of an appropriate penalty less severe than cancellation.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court